# Wetherill et al., Appellants, *v.* Showell, Fryer & Co., Inc.

*Negligence — Automobiles — Boys sledding on streets—Speed— Signal—Sounds—Evidence.*

1. The statement by a witness "I did not hear any sound at all" is not evidence of a failure to give warning, unless it appears he would have heard it had it been sounded, or that he was then giving heed to the matter.

2. In a negligence case the speed of the vehicle causing the injury is unimportant, if it was not the cause of the accident.

3. A driver of a vehicle who has no knowledge that boys are in the habit of sledding on a public street is not negligent because he does not take precaution to prevent injury to one who might so use it.

4. The distinction between Eastburn v. United States Express Co., 225 Pa. 33, where a recovery was not allowed, and Yeager v. Gately & Fitzgerald, Inc., 262 Pa. 466, where it was, rests in the fact that in the former case the driver of the automobile did not know boys were in the habit of sledding on the street, and in the latter did know and failed to take proper precautions to prevent injury to them.

Argued March 26, 1919. Appeal, No. 73, Jan. T., 1919, by plaintiffs, from judgment of C. P. No. 1, Philadelphia

Co., Dec. T., 1916, No. 3790, on verdict for defendant in case of R. Wayne Wetherill and Mary R. Wetherill, his wife, v. Showell, Fryer & Co., Inc. Before MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before PATTERSON, J.

At the trial the court gave binding instructions for defendant saying, "I feel constrained to do so in view of the ruling of the Supreme Court in the case of Eastburn v. United States Express Co., 225 Pa. 33."

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*Leon J. Obermayer,* with him *Mason & Edmonds,* for appellants.—The case was for the jury: Mulhern v. Philadelphia Homemade Bread Co., 257 Pa. 22; Tatarewicz v. United Traction Company, 220 Pa. 560; Jones v. United Traction Company, 201 Pa. 344; Castor v. Schaefer, 224 Pa. 208; Yoder v. Bosworth, 63 Pa. Superior Ct. 480; Schmidt v. McGill, 120 Pa. 405; Streitfeld v. Shoemaker, 185 Pa. 265; Ellison v. Atlantic Refining Co., 62 Pa. Superior Ct. 370; Meyers v. Pittsburgh Rys. Co., 242 Pa. 502.

*Morris & Kirby,* for appellee.—Ample precedent sustains the entry of judgment by the court below: Eastburn v. U. S. Express Co., 225 Pa. 33; Stahl v. Sollenberger, 246 Pa. 525; Organ v. McCleman, 245 Pa. 264; Hoff v. Baking Co., 70 Pa. Superior Ct. 235.

OPINION BY MR. JUSTICE SIMPSON, April 21, 1919:

Plaintiffs, as the parents of Howard W. Wetherill, sued to recover damages for his death caused by his hav-

ing been run over by an automobile truck belonging to defendant. The allegations of negligence in the statement of claim are "the said automobile was being driven at a high and reckless rate of speed, ......the said driver thereof failed to give due and sufficient notice of his approach......and was otherwise neglecting and disregarding the duty" he owed to the boy. The court below gave binding instructions for defendant, judgment was entered upon the verdict thus directed, and plaintiffs appealed. As the boy was but eight years old, he was not guilty of contributory negligence, and the only question to be considered is the alleged negligence of defendant.

But one person saw the accident, which occurred about 1 p. m. on February 4, 1916, at the N. W. Cor. of Green and Carpenter streets in the City of Philadelphia, and he and the father of the boy were the only witnesses who testified at the trial. Assuming, as we must, that all the facts testified to are true, we find them to be as follows: The cartway of Green street is 24 to 28 feet wide, and of Carpenter street 30 feet wide; and the footway on each side of each street is from six to eight feet wide. At the place of the accident Green street is on a sharp grade from north to south, and Carpenter street is on a slight grade from west to east. Just before the accident there had been a light snow, which had partially melted and then frozen. When the witness first saw the parties, the boy was coasting his sled on the west pavement of Green street, approaching Carpenter street, and was about ten feet north of the latter; and defendant's automobile was on Carpenter street, about thirty feet west of Green street, traveling eastwardly, its left wheels being "about five feet from the curb." The sled was not traveling very fast, but how fast is not stated, and the automobile was traveling at a "moderate rate of speed," which is defined as being "about thirteen or fourteen miles an hour." The speed of the sled evidently increased thereafter, due to the fact that it was going down a steep incline, for although the automobile con-

tinued at the same rate of speed, and the sled reached the
house line of Carpenter street about the same time the
front wheel of the automobile was opposite the house line
of Green street, yet the sled crossed the six or eight feet of
the Carpenter street footway, and the five feet from the
curb to the automobile, while the latter, which was "about
fourteen feet long" was traveling the distance between its
front and rear wheels. At the corner where the collision
took place there was a school building, around which was
a wall and a terrace above it, so that neither the driver of
the automobile nor the boy on the sled could see the other
until they respectively reached the house lines of the two
streets. When the sled reached the corner, the front
wheels of the automobile had reached it and all in front
of them had passed it, and the boy seeing the danger
tried to turn his sled so that he could pass to the rear,
but not being able to do so ran straight across the inter-
vening space into the left rear wheel. After the accident,
and apparently without knowing it had occurred, the au-
tomobile continued at the same rate of speed eastwardly
on Carpenter street, and passed out of sight down a cross
street.

There was no evidence of any person or vehicle being
on the street except the witness and his wagon and the boy
and his sled, and the automobile and its occupants; and
the witness saw no children playing at or near the place
of the accident. There was no evidence that the driver
of the automobile was not heeding what he was doing,
that he knew boys were in the habit of sledding there, or
even that the grade of Green street would permit them
to do so.

On the question of the driver signalling his approach
to Green street, the witness says "I didn't hear any
sound at all." But he does not say none was given, or
that he would have heard it if it had been, or that he was
giving any heed to the matter. He was some fifty or
sixty feet away, taking the blankets off his horses. The
question of speed might be important had the automobile

struck some one crossing the street, but under the existing facts it is unimportant, the driver had no reason to anticipate the boy would come traveling at a high rate of speed southward on Green street, unable to steer his sled; and hence a lessening of the rate of speed of the automobile would only have altered the point where the sled would have struck.

It is not necessary to review at length the authorities cited by appellant.  In the main they are inapplicable here, being cases where defendants' vehicles ran into plaintiffs, and the question was whether or not defendants' drivers did or could have seen them in time to avoid the accident.  Two of our recent cases will suffice to point the distinction between those in which recovery may be had and those in which it may not.  In Eastburn v. United States Express Company, 225 Pa. 33, judgment for defendant non obstante veredicto was entered by the court below in an opinion written by our Brother MOSCHZISKER, then a judge of that court.  We affirmed on his opinion, where it is said (34, 38) : "This was not a case of one in plain sight and about to cross the street in front of a horse, with opportunity on the part of the driver to see the person and avoid an accident, but was a case of a sled moving rapidly, beyond sufficient control of the boys to avoid a collision with one who had no reasonable expectation to look for such an event.  In this aspect of the case, the speed of the horse, in our opinion, did not cause the accident, because we cannot see how that speed in any way contributed to the result......  There is no testimony to justify a finding that the driver had knowledge that the boys were sledding on the hill, or that they were likely to be sledding there, at the time he was passing the foot of the hill......The tender age of the plaintiff may well have been sufficient, in the view of the jury, to excuse him from the charge of contributory negligence, but that does not change the nature of the act, and, as said in P. & R. R. R. Co. v. Hummell, 44 Pa. 375: 'Precaution is a duty only so far

as there is reason for apprehension.'" On the other hand, in Yeager v. Gately & Fitzgerald, Inc., 262 Pa. 466, recovery was allowed because the driver knew children were in the habit of coasting on the street he was approaching. We said: "Several witnesses for plaintiffs testified the driver failed to give warning by sounding his horn as he approached the intersection of the streets. While this alleged oversight was denied by the driver, who testified the horn was sounded, he also stated he saw children coasting down Park avenue and realized it was incumbent upon him to exercise care as he approached the crossing......there is testimony the child could be seen by the driver when the truck was at least fifty feet from the crossing......Although the case is somewhat similar to Eastburn v. United States Express Co., 225 Pa. 33, there are points of distinction as stated by the court below......there appears to have been no evidence in that case that the driver had reason to believe that children would be on the street in the neighborhood of the accident." The present case is in the class to which Eastburn v. United States Express Company belongs, and not to that of Yeager v. Gately & Fitzgerald, Inc.

The judgment is affirmed.