## Stickler *v.* Catanzaro, Appellant.

*Automobiles—Negligence—Turning to left of road to avoid obstruction—Running over coasters.*

In an action of trespass to recover damages for personal injuries, it appeared that the plaintiff, while coasting down a city street, collided with an automobile of the defendant. The street curved at an angle of 45 degrees, and the right side was obstructed by a heap of building material. It further appeared that the defendant, having his car under control, and going up the hill at a moderate rate of speed, turned his automobile partially to the left to avoid the obstruction. The plaintiff's sled, coming down the hill at a rapid rate of speed, struck the defendant's automobile, injuring the plaintiff.

Under such circumstances there can be no recovery. The defendant was not negligent in turning to the left in order to avoid the obstacle in the road. It was his duty to avoid approaching vehicles, but he was not required to apprehend the possibility of a sled coming down the street at a rapid rate of speed as he had no knowledge that the street was being used for such purpose. Leslie *vs.* Catanzaro 272 Pa. 419 followed.

Argued April 30, 1925. Appeals Nos. 59 and 60 April T., 1925, by defendant from judgment of C. P. Allegheny County, January T., 1917, No. 2020, on verdict for plaintiff in the case of Howard Stickler, a minor, by his father and next friend, Chester Stickler, and Chester Stickler, in his own right, v. Samuel Catanzaro. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Trespass to recover damages for personal injuries. Before REID, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff, Chester Stickler, for $284.00, and for plaintiff, Howard Stickler, for $1,000.00, and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were answers to points and refusal to strike from the record certain testimony.

*John J. Kennedy,* and with him *W. A. Griffith,* for appellant: Cited Leslie v. Catanzaro, 272 Pa. 419, as conclusive, the scene, the particulars and the physical conditions being identically the same.

*Rody P. Marshall,* and with him *Meredith R. Marshall,* for appellee.

OPINION BY TREXLER, J., July 9, 1925:

Howard Stickler, almost fourteen years of age, in company with a young man, Dolan, about twenty years of age, and a young lady, Leslie, over nineteen years of age, were sledriding on Heberton Avenue, in the City of Pittsburgh. The sled was about three feet in length and known as a "single sled." It was about nine o'clock in the evening. Heberton Avenue at the top of a hill about 900 feet from the place where the accident occurred has a 14 per cent grade which gradually diminishes until it is almost level at the place of the collision. It runs into Stanton Avenue at right-angles and beyond Stanton Avenue continues as Meadow Street on a bend of about 45 degrees. Along the curb line of Meadow Street on the east side there were some obstructions in the street consisting of material used in the construction of houses. This extended into the street, the distance varying according to the testimony of the witnesses from seven to fifteen feet. As these parties descended Heberton Hill on

their first trip Dolan was lying flat upon his stomach with his head and shoulders extending beyond the front of the sled. Stickler, the plaintiff, in the case was lying on Dolan's back and the young lady, Leslie, was on the rear of the sled on her knees between the legs of Dolan and Stickler, gripping the sides of the sled at a point in front of the middle of the sled. The sled came down the right middle of Heberton Avenue at a rapid rate of speed, at least 30 miles an hour, and crossed Stanton Avenue into Meadow Street. At the same time Catanzaro, the defendant, was driving his automobile northwardly on Meadow Street toward the approaching sled. His lights were lit and the car was provided with chains on the rear wheels. When defendant reached the heap of building material partially occupying the road he sounded his horn and turned to the left to avoid the obstruction, going at a very moderate rate of speed, about twelve miles an hour. When he saw the sled which was only twenty feet away, in his efforts to avoid a collision, he put on his brakes rapidly. The car swerved on the snow-covered surface and was propelled a car-length across the road and came to a stop on the west side of the road, the left front wheel being on the west curb. The sled collided with the front part of the automobile as the latter came to a stop and the plaintiff received the injuries complained of.

The girl Leslie brought suit against Catanzaro and the case went to the Supreme Court: Leslie v. Catanzaro, 272 Pa. 419. It was there held that there was no proof of negligence; that it was not shown that the defendant operated his machine carelessly and failed of his duty under the circumstances; that he was confronted with a sudden situation which did not give him time for deliberation. Our inquiry should be directed to the difference in the presentation of the case now before us and that of the Leslie case, in

order to determine whether there was additional testimony which changed the situation of things and made it necessary to submit the case to a jury.

As in the Leslie case, so in this we find that there was no careless operation of the automobile. The lights were lit and the defendant was going along at a moderate speed. He was not required to apprehend that a sled was coming down the street around the curve, as he had no knowledge that the street was used for the purpose of sledriding. So far the cases are similar. The lower court differentiates the cases in this respect that the testimony as to the obstruction which was in the street in the present case showed a lesser part of the street occupied by the obstruction than in the Leslie case. and that, therefore, the plaintiff could be found negligent in that he made too wide a sweep in seeking to avoid the obstruction; that by keeping close to the obstruction he might have allowed enough space for the sled to pass. We do not think that this distinction is valid. It was the defendant's duty to pass around the obstruction. He was not required to pass around it with mathematical accuracy. His duty was as much to avoid the obstruction as to avoid any other danger that might be in the road. All he had to provide against were approaching vehicles presumably coming at a lawful speed. It seems he was prepared for any contingency that would legitimately arise. He was not required to apprehend that a sled coming at a very rapid rate would interfere with his progress.

Mrs. Stickler, the mother of the minor plaintiff, testified in this case that the defendant admitted to her that he was on the wrong side of the road and the accident was due to his own fault. There was no testimony of this kind in the Leslie case. That he was on the left side of the street is not denied. If there were sufficient facts showing negligence on the part of the defendant

his admission might be in confirmation of them but as the facts do not show that he was negligent, his assertion that in his opinion he was, will not, standing alone, carry the case for the plaintiff.

The judgment is reversed and is now entered for the defendant.