Kovalchik et al., Appellants, v. Demo.

168

Argued April 17, 1928.

Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.

*Peter P. Jurchak,* for the appellant.

*J. J. Kintner,* of *Stephens & Kintner,* and with him *William J. Blimmel,* for the appellee.

Opinion by Cunningham, J., July 12, 1928:

Appellants are the parents of Emil Kovalchik, eleven years of age, who was injured on the evening of January 24, 1925, when, at the intersection of Williams Alley with Boyer Street in the City of Johnstown, a sled upon which he was riding with a com-

panion ran under a truck, owned and driven by defendant. Alleging that the injuries to their son resulted from the negligent operation of the truck, the parents brought an action in the court below to recover the amount expended by them for surgical and hospital expenses and recovered a verdict for $1,090, the undisputed amount of such expenditures. Defendant, having submitted a point for binding instructions which was reserved, moved for a new trial and for judgment non obstante. After argument before the court below, in banc, an opinion was filed by the learned trial judge granting defendant's motion for judgment in his favor n. o. v. and we have this appeal by plaintiffs.

Between Church and Butler Streets, Williams Alley, twelve feet in width, intersects Boyer Street, twenty-seven feet in width and one of the principal streets in the City of Johnstown, at right angles. There is a slight grade down the alley and into Boyer Street and an open school yard on the right and a dwelling house on the left at the entrance into the street. Plaintiffs' son, Emil, and a companion were riding together on a sled down the alley and into Boyer Street; defendant was driving his one and one-half ton truck on Boyer Street toward the alley; they reached the intersection at the same time and, in the words of the injured boy, "all at once we went in under a truck." Even in full daylight neither the occupants of the sled nor the driver of the truck could see each other until the intersection was reached by reason of a retaining wall around the property on the left. This wall, about four feet high at the corner, was on the left of the boys and the right of defendant as they approached the intersection. There were deep ruts on both sides of the alley and the sled was traveling between them. The only question involved on this appeal is whether plaintiffs have sustained the bur-

den of proof resting upon them to show that the defendant was guilty of negligence and that such negligence caused the injury complained of. If they have, the verdict should stand as the jury has absolved plaintiffs' son from any possible charge of contributory negligence. In considering the question we assume the truth of plaintiffs' evidence and every inference fairly deducible therefrom: Hunter v. Pope, 289 Pa. 560, 562; Hardy v. Millers Mutual Fire Insurance Association, 293 Pa. 9, 12, and cases there cited. It is averred in the statement that defendant was negligent in four particulars: (1) in operating his truck at a high and dangerous rate of speed under the circumstances and failing to have it under proper control; (2) in violating various ordinances of the City of Johnstown pertaining to the operation of automobiles at crossings; (3) in failing to give the plaintiffs' son proper and sufficient notice and warning of the approach of the truck; and (4) in violating the statutory provisions relative to the use of lights upon motor vehicles. No ordinances of the City of Johnstown were offered in evidence and the testimony for the plaintiffs not only fails to show that defendant's truck was operated at an excessive rate of speed but directly negatives that charge and indicates that it was stopped almost instantly after the sled ran under it. The first and second specifications of negligence may therefore be dismissed from consideration.

In taking up the third and fourth charges of negligence we assume, in obedience to the rule referred to, that defendant did not sound his horn as he approached the alley and that the lamps upon his truck were not lighted. The statutory requirements, in force at the date of the accident, with respect to warning signals are found in the 22nd section of the Act of June 30, 1919, P. L. 678, as amended by the 19th section of the Act of June 14, 1923, P. L. 718, 745,

which reads: "Every operator of a motor vehicle shall give reasonable warning, of his approach, whenever necessary to insure the safety of other users of the highway, and before passing any vehicle he may overtake or pedestrian using any part of the highway other than the sidewalk, but the horn, bell or signal device shall not be sounded unnecessarily." In addition to keeping the statute in mind it is essential to inquire whether the circumstances were such that a jury might properly be permitted to find that the failure of defendant to sound his horn amounted to negligence. The only possible inference from the testimony for the plaintiffs is that Williams Alley was not a place where the drivers of vehicles on Boyer Street might reasonably anticipate the presence of children upon sleds. It was not generally used for coasting. The testimony of plaintiffs' son with respect to this matter was: "Q. Had you slid down on your sled very much on that alley? A. That was the first winter we used it very much. Q. Because that alley was not used for sled riding, was it? A. No. Q. The street that was used for sled riding was Butler Street, down below the alley, and Church Street, in the other direction? A. Yes, sir. Q. And Williams Alley was not used by the boys in that community to slide down on sleds, was it? A. No. Q. So any person driving along on Boyer Street would not expect any one sliding on that alley on a sled, would they? A. No." An eye witness of the accident, called by plaintiffs, was Gomer Collins, a relative of the injured boy, who was walking down the alley just ahead of the sled. His account of the accident reads: "Well, when I got right to the corner of the alley from the street the boys came down the alley on this sled. Q. There were two boys on the sled? A. Two boys on the sled, and they hollered and I jumped out of the road, and just as I jumped I seen Mr. Demo coming

with his truck and I hollered and by that time both boys shot under the hind end of the truck. Q. What part of the truck, if you know, ran over Emil? A. I suppose the hind wheel. Mr. Demo throwed his truck then to the left." On the question of the use of the alley for sledding, this witness testified: "Q. This open yard on the other side marked 'H' on the map, that is the open yard of the schoolhouse? A. Yes. Q. That is where the boys ride down over that open yard to Boyer Street on a sled? A. Down to the school but not down this alley. Q. The alley was not used for sliding? A. Very rarely you would see anybody sliding down there." In our opinion there was no evidence which would legally support a finding that the failure of defendant to sound his horn was, under all the circumstances, a negligent omission to perform a legal duty.

The remaining ground for recovery averred by plaintiffs is the failure of defendant to have the lamps upon his truck lighted. Plaintiffs offered no evidence with respect to weather conditions or actual visibility at the time of the occurrence. The only evidence upon this branch of the case is that the accident happened approximately five minutes before six o'clock on the evening of the 24th of January, 1925; that street lamps at the intersections of Church and Butler Streets with Boyer Street were lighted; and that the street lamp at the intersection of Williams Alley with Boyer Street was out of repair. A witness for plaintiffs living at the intersection in question testified that at the time of the accident he "was sitting by the window reading," but whether by light through the window or by artificial light does not clearly appear. Aside from the question of the alleged violation by defendant of the statutory requirements then existing relative to the use of lights on motor vehicles, we are unable to find any evidence on the part of plaintiffs upon which a jury might reasonably find that defend-

ant was negligent in not having his truck lighted. Counsel for plaintiffs made no effort at the trial to prove a violation of these statutory requirements which are found in the 20th section of the said Act of June 30, 1919, P. L. 678, as amended by the Acts of May 16, 1921, P. L. 582, and June 14, 1923, P. L. 718, 742, and read: "Every motor vehicle on the public highway shall, from one hour after sunset until one hour before sunrise, show at least two lights of approximately equal power on the front of such vehicle that shall be clearly visible from a distance of at least two hundred (200) feet."

No reference seems to have been made at the trial with respect to the time at which the sun set on the evening of the accident. This matter seems to have been raised for the first time at the argument upon the motion for judgment n. o. v. The court below, in its opinion sustaining that motion, said that "upon an examination of official calendars or almanacs for the 24th of January, 1925, ...... it is shown that the sun set on that day at 5:09 P. M.," and, holding that it was bound to take judicial notice of that fact, although the calendars had not been introduced in evidence, reached the conclusion that there had been no violation of the statute. Although plaintiffs' evidence definitely fixed the time of the accident as prior to six o'clock, their counsel contends that the court could not take judicial notice of the fact that the period of one hour after sunset did not expire until nine minutes after six because the calendar had not been offered in evidence, nor had the question been raised during the trial. The general rule is that "the time of the rising or setting of the sun or moon upon a particular day is a matter proper for the judicial cognizance of the court": 15 R. C. L. p. 1100, Sec. 32. In Wilson v. Van Leer, 127 Pa. 371, where one of the questions involved was whether a certain day of the month was or was not Sunday, the almanac had not been offered

in evidence and the court refused to permit counsel for defendant to refer to it in his closing argument in support of his contention that a certain date fell upon Sunday. In reversing this ruling our Supreme Court said: "All of the authorities agree that this is one of the matters that do not require to be proved, but are taken judicial notice of, without evidence. ...... 'The almanac in such cases is used, like the statutes, not strictly as evidence, but for the purpose of refreshing the memory of the court and the jury': State v. Morris, 47 Conn. 179. 'The almanac is part of the law of England': Pollock C. B. in Tutton v. Darke, 5 H. and N. 649." Upon the question that it was too late to refer to the calendar after the close of the testimony the Supreme Court said: "It is also argued that the almanac having been brought forward at so late a stage in the case, deprived the plaintiff below of the benefit of an argument upon it by one of her counsel. But in this respect it was like any other argument or illustration which counsel may make towards the end of a case. If it has not been anticipated it is a surprise, and that is a risk which parties must encounter in every case. If counsel had run the calculation back himself, so as to show that that day was Sunday, no one could have questioned his right to do so. His reference to the almanac was no more than a reference to the multiplication table, as a labor saving mode of refreshing or confirming knowledge legally presumed to be in everybody's mind. This kind of surprise is one of the dangers incident to every contest, and the only relief against it, is the discretion of the judge, where the new matter or new view may lead to substantial injustice, and is such as could not reasonably have been foreseen, to allow an opportunity of reply, or subsequently to grant a new trial." In the present case counsel for plaintiffs distinctly raised the question of the violation of the statute in his statement and we are not convinced

that the court below abused its discretion in taking judicial notice of the hour of sunset when the disposition of the motion for judgment non obstante came before it. Being persuaded from a careful examination of the record that no evidence was introduced by plaintiffs which would justify a finding of negligence upon the part of defendant, we must conclude that the judgment in his favor was properly entered.

Judgment affirmed.