Johnson et al. *v.* Abbotts Alderney Dairies, Appellant.

Argued November 30, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Layton M. Schoch,* with him *Welsh & Brown,* for appellant.—The court should have given binding direc-

tions in favor of defendant or sustained its motion for judgment in its favor n. o. v.: McAvoy v. Kromer, 277 Pa. 196; Flanigan v. McLean, 267 Pa. 553; Zotter v. R. R., 280 Pa. 14; Donahue v. Transit Co., 293 Pa. 253.

*Robert M. Bernstein,* for appellee, cited: King v. Brick & Mining Co., 284 Pa. 277; Kapuscianski v. Iron Co., 289 Pa. 388; Kuehne v. Brown, 257 Pa. 37.

OPINION BY MR. JUSTICE KEPHART, January 7, 1929:

It is admitted that the child, under six years of age, was injured by defendant's truck. Just how the accident occurred was the question in the case. Because of the boy's age, there can be no charge of negligence against him. He left the curb to cross the street when the truck and its trailer were 125 feet away. As the car approached, the boy continued on his way across the street. He was in full view of the driver, as there was nothing to obstruct the vision. The boy and the truck reached a place in the street where both were close together.

Where an automobile is being used on a public highway, and the driver sees a child in a place of danger on the highway, and the driver has sufficient time to stop his car if under proper control, it is his duty to exercise such care as would be reasonably necessary to avoid a collision. When children are on the street, or in the act of crossing, plainly visible, his obvious duty on approaching the spot is to bring his car under such control as the circumstances demand, so that, responsive to the child's capricious acts, he can stop to avoid injury: Silberstein v. Showell, Fryer & Co., 267 Pa. 298, 306-7.

The boy endeavored to clear the distance to the other side of the street. He was seen to pass in front of the automobile, and the direct evidence stops at this point. The witnesses, being in the rear of the truck, could not see what happened, the time was so short. The boy was heard to scream almost immediately, and one of the wit-

nesses testified: "Q. Could you tell what part of the truck hit him? A. It must have been the right front, because he got by the left front. Q. How do you know that? A. I saw him pass in front of the left part of the truck." The evidence presents a question clearly for the determination of the jury. As stated in Kuehne v. Brown, 257 Pa. 37, 41: "Assuming the car was operated at the minimum rate of speed, testified to by other witnesses, no apparent excuse is shown for defendant not seeing the child in time to stop his car and prevent the accident, in view of the testimony as to the distance which he traveled from the time the child started to cross the platform to the automobile, and the unobstructed condition of the street. Consequently, the question whether he had notice of the presence of the child in the road in time to appreciate the danger and avoid a collision, was one for the jury to determine, under proper instructions from the court: Tatarewicz v. United Traction Co., 220 Pa. 560; Bloom v. Whelan, 56 Pa. Superior Ct. 277." Whether the boy succeeded in making the crossing, and returning ran into the truck, or its trailer, as claimed by the defendant, was a question for the jury. It is unlike McAvoy v. Kromer, 277 Pa. 196. The boy here was seen in the car track, crossing the street, and passing in front of the truck in such way that, as described by the witness, an accident was "unavoidable," as the truck was "practically on top" of the boy. Appellant's counsel frankly concedes that if the jury could find the child was struck by the front part of the truck it would end the appeal. The jury could have so found. The court below would have committed error if the case had been withdrawn from the jury on this question.

Judgment affirmed.