## Rossheim v. Bornot, Inc., Appellant.

Argued December 9, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Algernon R. Clapp*, of *White, Schnader, Maris & Clapp*, for appellant.—The admitted facts show that both parties to this accident were guilty of negligence as a matter of law.

Rossheim never saw appellant's truck until the moment of impact, though the weather was clear and sunny, and there was no traffic to obscure his vision: Lessig v. Transit & Light Co., 270 Pa. 299; Hill v. Transit Co., 271 Pa. 232; Horen v. Davis, 274 Pa. 244, 248; Maue v. Rys. Co., 284 Pa. 599; Bradford v. Rys. Co., 99 Pa. Superior Ct. 365; Young v. Gill, 103 Pa. Superior Ct. 467.

No inference can be drawn that Rossheim's car remained close to the right-hand curbline of Wyncote Avenue, against the positive testimony of all his own witnesses that the collision actually occurred in the center of that avenue: Hazlett v. Director General, 274 Pa. 433; Rhodes v. R. R., 298 Pa. 101; Hartig v. Ice Co., 290 Pa. 21; Talarico v. Furniture Co., 298 Pa. 211.

*John P. Connelly*, for appellee.

OPINION BY MR. JUSTICE SIMPSON, January 3, 1933:

As the result of a collision between a truck, operated for the corporation defendant, and an automobile, driven

by the duly licensed minor plaintiff, the boy suffered serious injuries and his parents were put to expense in endeavoring to have him cured thereof. This occasioned the present suit, and, from the judgments in plaintiffs' favor, defendant appeals and asks us to decide but a single point: Was the minor plaintiff guilty of contributory negligence as a matter of law? In determining this, we must accept as true all the facts and proper inferences of fact, wherever appearing in the record, if favorable to plaintiffs, and must reject all those favorable to defendant, if depending solely upon testimony: Donnelly v. Pub. Serv. Com., 268 Pa. 345; Connors v. Dempsey, 303 Pa. 128.

Thus viewed, the facts are as follows: The automobile and the truck were traveling in opposite directions on a well-paved street, which was fifty feet wide from curb to curb. The day was bright and clear, the collision happened about noon, and there were no other vehicles on the street which interfered with the movements of either the automobile or the truck, although there was another automobile which may have partially obscured the view of each from the other for a short time immediately preceding the collision. The minor plaintiff's automobile was traveling on the right-hand side of the street some six or eight feet from the curb, at the rate of about twenty miles an hour; the truck was near the middle of the street, traveling from forty to forty-five miles an hour. They reached an intersecting street about the same time, but there was no traffic operating thereon which in any way interfered with the movements of either vehicle. As the minor plaintiff entered on the crossing, he reduced his speed to between ten and fifteen miles an hour, and continued on the right-hand side of the street along which he was moving, but the driver of the truck continued at the same rate of speed as theretofore, veered or shifted his truck to the left, apparently intending to proceed down the intersecting street, and, in the maneuvers of the two of them to escape the collision which then

seemed probable, struck the automobile almost head on, while it was still crossing the intersecting street, thus causing the injuries to the minor plaintiff of which complaint is made. The latter is certain that he did not vary the direction in which his automobile was moving, but whether or not, in the excitement of the moment, he unconsciously did so, there is no conclusive evidence that this action was the result of any negligence on his part, and the jury, applying the instructions given by the trial judge to them,—of the substance of which (save as respects the refusal of its request for binding instructions) no objection is made,—found that he was not guilty of contributory negligence. This conclusion, being sustained by the court below, and, having evidence to support it and nothing antagonistic thereto except testimony, cannot properly be reversed by us.

Defendant's contention is that the verdict should not be sustained, because the minor plaintiff said he did not see the truck until at or about the time of the collision; that the evidence of both sides shows that the collision was directly head-on; that the truck could not have been traveling at a high rate of speed, since neither car was pushed back by the other as the result of the collision, and both of them were found thus in contact in the middle of the street. But, if we assume all these allegations to be true, we would not be justified, as a matter of law, in concluding that the minor plaintiff was guilty of contributory negligence. If, as his evidence shows, he was well over to the curb on his side of the street, and the truck was on the other side of the street, he would have no occasion to look for or observe its situation, nor to suppose that it would veer or turn to the left, as if it intended to go down the intersecting street which both were crossing. Especially was this so, since his view was, at or about that time, obscured by the other automobile to which reference has been made. This fact would excuse the minor plaintiff's inability to see the truck, but would not excuse the driver of the latter for

turning into the line of traffic of vehicles, on their own side of the street and traveling in the opposite direction, without waiting until it was possible for him to see that he could safely do so.

So, too, in the shiftings to avoid the impending collision, thus caused by the negligence of the operator of the truck, the course of either or both of the vehicles might have been so changed that they came together head-on, and neither pushed back the other. Indeed, the truck driver testified that fifteen feet before he reached the place of collision, he put on his brakes and slid into the automobile; other witnesses for defendant testified that both vehicles were sliding for some distance before the collision, with the result that when they collided they reared upwards and immediately settled back in the street, which would account for neither pushing the other back, if this is what in fact occurred.

A careful consideration of the evidence shows that, on a review of that produced by plaintiffs, the weight of it seems to be with the defendant; on a review of that produced by defendant, the weight seems to be with the plaintiffs; and, on a consideration of it in its entirety, a verdict either way could conscientiously be sustained.

The judgments of the court below are affirmed.