Mosely et al. *v.* Connor (et al., Appellant).

Argued January 23, 1935.   Before FRAZER, C. J., SIMP-
SON, SCHAFFER, MAXEY, DREW and LINN, JJ.

C. *Brewster Rhoads,* with him *Laurence H. Eldredge,* of *Montgomery & McCracken,* for appellant.

*Robert M. Bernstein,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, March 25, 1935:

In this action to recover damages for personal injuries to the minor plaintiff, who was run over at a street intersection by the truck belonging to the corporation defendant, but one question is raised by the latter for decision on its appeal. Was a point for charge submitted by it properly refused?

The point was as follows: "I charge you as a matter of law that the distance which the truck of defendant, M. L. Shoemaker Company, went after striking the plaintiff is evidence tending to show the speed of the truck, its control and manner of its operation as it entered the intersection of 44th and Parrish Streets and immediately before the happening of the accident." The trial judge not only refused to so charge, but stated to the jury that in his judgment there was no testimony of any excessive speed.

Notwithstanding the earnest argument of appellant's attorney, we are satisfied that the attitude of the trial judge was correct, and that the matter of speed was not a factor in the problem which the jury had to solve.

The material facts which the jury could have found were, that the plaintiff, a minor, seventeen years of age, was riding his bicycle east on Parrish Street toward its

intersection with 44th Street. When he reached a point approximately two feet west of the west curb of 44th Street, which runs north and south, he looked to the north and saw the automobile of Connor about 75 feet distant, coming south on 44th Street. He then looked to the south and saw defendant's truck, proceeding north on 44th Street; at a distance of approximately 150 feet south of Parrish Street. Plaintiff continued across 44th Street, and, when about half way across, looked again, and saw the truck some 70 feet distant. When he reached the center of 44th Street, the rear wheel of his bicycle was struck by the front of Connor's car, he was thrown to the street, and, while lying prone in the highway, was run over by defendant's truck and very seriously injured. A different version of the accident was given by defendant's witnesses.

There was testimony in the case that the truck stopped almost immediately after striking the plaintiff, and other testimony that it ran 14 to 17 feet before it stopped.

The defense was that the boy had been suddenly cata-pulted from his bicycle, so close to the front of the truck that its driver did not have opportunity to check it, while the case of the plaintiff was that when he fell in the street, the truck driver was sufficiently far away from him to have stopped and avoided striking him, if the driver had been attentive to what was in front of him, but that he was not attentive to or observant of what was ahead, and because of this ran him down. This issue arising out of the conflict in the testimony was clearly presented to the jury by the trial judge in his charge.

We fail to see how the matter of speed of the truck en-ters into the picture; whether driving fast or slow, if, inattentive to what was happening in front of him, and with opportunity to have stopped had he been observing, the driver of the truck ran the plaintiff down, prone in the street in front of him, he would be visited with blame. He was bound to approach the intersection keenly ob-serving what was ahead, with his truck under complete

control, so that he could stop on the shortest possible notice: Rhoads v. Herbert, 298 Pa. 522, 525; Dougherty v. Merchants Baking Co., 313 Pa. 557, 560, and "consequently the question whether he had notice of the presence of the child in the road in time to appreciate the danger and avoid a collision was one for the jury to determine": Kuehne v. Brown, 257 Pa. 37, 41; Johnson v. Abbotts A. Dairies, 295 Pa. 548, 550.

The judgment is affirmed.