## Morris et al. *v.* Kauffman, Appellant.

Argued October 7, 1935. Before KELLER, P. J., CUNNINGHAM, BALDRIGE, PARKER, JAMES and RHODES, JJ.

*Raymond A. White, Jr.,* for appellant.

*Francis J. McCarthy,* with him *John V. McDonald,* for appellees.

OPINION BY JAMES, J., January 31, 1936:

Plaintiffs, father and mother, and minor child, obtained judgments against the defendant in an action of trespass for personal injuries suffered by the minor child. Defendant has appealed and assigns as error the refusal of his motion for judgment non obstante veredicto.

The first and second questions raised in the appellant's statement of questions involved, raise the question of defendant's negligence and the minor plaintiff's contributory negligence.

In passing upon a motion for judgment n. o. v., we must follow the oft repeated rule that the testimony should not only be read in the light most advantageous to plaintiff, all conflicts therein being resolved in his favor, but he must be given the benefit of every fact and inference of fact pertaining to the issue involved which may reasonably be deduced from the evidence. With this point of view, plaintiffs' testimony established the following facts: On the night of February 8, 1934, clear but dark and cold, at about 7 P. M., the minor plaintiff (fourteen years and seven weeks of age) and his cousin were sledding eastwardly just north of the center on Nedro Avenue towards 12th Street, a two way street, in the City of Philadelphia. Both streets were

covered with snow and ice. Both boys were lying down on the sled, the minor plaintiff being on top of his cousin, who was steering the sled by means of a cross-bar. Nedro Avenue, running east and west, is 36 feet wide with 12-foot sidewalks, and 12th Street, running north and south, is 36 feet wide with 12-foot sidewalks. Nedro Avenue approaches 12th Street with a five and one-half per cent down-grade, while 12th Street has a one per cent up-grade to Nedro Avenue. As the plaintiff and his cousin coasted down the hill at the rate of five to ten miles per hour and were a few feet west of the west houseline on 12th Street, the minor plaintiff noticed the gleam of the headlights of the defendant's automobile. He shouted to his cousin, who looked and saw the defendant's automobile approaching 75 feet below the southerly houseline of Nedro Avenue, coming at the rate of thirty miles per hour. The cousin turned the sled northwardly towards 12th Street, both boys dragging their feet on the road, and as the sled was about to stop near the northerly curbline of Nedro Avenue and three or four feet east of the west curbline of 12th Street, the left front wheel of the defendant's automobile struck the right front of the sled and proceeded on about thirty feet towards the east curb on 12th Street. The light from defendant's headlights covered the entire street and there was no obstruction upon either Nedro Avenue or 12th Street to interfere with defendant's view.

Summarized, this testimony establishes that the defendant was traveling at the rate of thirty miles per hour on the left-hand side of 12th Street, a street 36 feet wide, 60 feet between houselines, approaching the intersection of Nedro Avenue, a street 60 feet between houselines, and struck the sled upon which plaintiff was riding after defendant had crossed the intersection and while the sled was but three or four feet out on 12th Street. There was nothing upon the highway to make

it impracticable to drive on the right side, nor anything upon either highway to intercept the view of the defendant. In addition, the fact that the sled was proceeding on the north of the center on the left side of Nedro Avenue, enlarged the view of the defendant of the approaching sled. The driving of the automobile, under such circumstances, on the left-hand side of the street, was in direct violation of the Act of May 1, 1929, P. L. 905, §1004, (75 PS §521), which provides that "upon all highways of sufficient width except one way streets, the driver of a vehicle shall drive the same upon the right half of the highway ...... unless it is impracticable to travel on such side of the highway ......," and Section 1005 of the same act (75 PS §522) which provides: "In crossing an intersection of highways ...... the driver of a vehicle shall, at all times, cause such vehicle to travel on the right half of the highway, unless such right half is obstructed or impassable." Drivers of vehicles upon streets which are not one-way streets, must drive on the right half of the highway, if there is sufficient room so to do: Dempsey v. Cuneo Eastern Press Ink Co., 318 Pa. 557, 179 A. 220.

Not only was defendant on the wrong side of the street, but there is nothing in the testimony to show that the speed of the car diminished as it reached the intersection. A motor vehicle driver must approach an intersection keenly observing what is ahead, with his motor vehicle under complete control, so that he can stop on the shortest possible notice: Mosely v. Connor, 318 Pa. 17, 177 A. 817; Rhoads v. Herbert, 298 Pa. 522, 148 A. 693. It is the duty of the driver of a motor vehicle at all times to have it under such control that it can be stopped before doing injury to any person in any situation that is reasonably likely to arise under the circumstances: Michener v. Lewis, 314 Pa. 156, 170 A. 272. Consequently, the question whether defendant had notice of the presence of the boys upon the sled in

the road in time to appreciate the danger and avoid a collision, was one for the jury to determine, under proper instructions from the court: Kuchne v. Brown, 257 Pa. 37, 101 A. 77; Johnson v. Abbotts Alderney Dairies, 295 Pa. 548, 145 A. 605. The language of the opinion in Yeager v. Gately & Fitzgerald Inc., 262 Pa. 466, 106 A. 76, is particularly fitting to the facts in the present case. (p. 470) "The sled was moving at the rate of six or eight miles an hour and the truck at about the same rate (in the present case thirty miles per hour) and it may well be that the position of the truck in the street was a contributing cause to the accident since, had it been running on the right-hand side in accordance with the usual custom, the child might either have stopped the sled or changed its direction sufficiently to have avoided the collision, and, likewise, the driver would probably have seen the boy in time to either stop or deflect his truck." The facts in the present case do not bring it within the scope of decisions holding that there can be no recovery for injury to a child which suddenly darts from a place of safety into danger which defendant was without opportunity to avoid. Under the facts as presented, the court was fully warranted in submitting the question of defendant's negligence to the jury.

Coasting on a public street which is not put to extended public use, and not expressly prohibited by ordinance, is not necessarily a nuisance nor is it an unlawful act or negligence per se: Idell v. Day, 273 Pa. 34, 116 A. 506. The evidence showed that the streets in question were located in the suburbs of the City of Philadelphia, solely residential. Under such circumstances, we cannot say as matter of law, that a boy past fourteen years was guilty of negligence in coasting. With the advent of the automobile, many of the uses which children of the previous generations made of the highway, must be denied; but we have not reached the

conclusion that coasting in a residential section, as in this case, is negligence per se, and, therefore, the question of the minor plaintiff's contributory negligence, was a question for the jury.

The third question raised by appellant, whether the minor plaintiff being over the age of fourteen years, was bound to use the same degree of care as an adult, is entirely academic as far as affecting our conclusion on this appeal, as the assignments of error relate solely to the refusal of the point for binding instructions and the denial of the motion for judgment n. o. v. Any error in the charge of the court as to the degree of care to be used by the minor plaintiff could only be corrected by a new trial, which, although pressed in the court below, is not sought on this appeal.

The assignments of error are overruled and the judgments are affirmed.