# Nold, Appellant, *v.* Higgins Lumber Co.

*Negligence — Automobiles — Motorcycle — Rule of road—Collision in turning—Case for jury—Contributory negligence—Signals —Negative testimony.*

1. Where a rider on a motorcycle being in the rear of a motor truck, and desirous of passing it, blew his horn, and, when he was abreast of the truck, the driver thereof, without having put out his hand as a signal of change of direction, suddenly shoots to the left, striking the motorcycle and injuring its rider, the latter is entitled, in a suit against the owner of the truck, to have his case submitted to the jury.

2. In such case, where the rider of the motorcycle and another witness, both having full view of the track, testify positively that the driver of the truck did not extend his hand as a signal of a turn, such testimony cannot be considered as merely negative.

3. Even if a signal were given, the sudden swerve of the truck to the left into the other vehicle abreast of it, would be sufficient, if found by the jury, to establish negligent operation of the truck, under the circumstances.

Argued October 18, 1922. Appeal, No. 72, Oct. T., 1922, by plaintiff, from judgment of C. P. Allegheny Co., July T., 1920, No. 1938, for defendant n. o. v., on verdict for plaintiff, in case of Joseph Nold v. Higgins Lumber Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Trespass for personal injuries. Before CARPENTER, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $4,000. Judgment for defendant n. o. v. Plaintiff appealed.

*Error assigned* was entry of judgment for defendant n. o. v., quoting record.

*Waldo P. Breeden,* for appellant, cited: Hazzard v. Carstairs, 244 Pa. 124; Gillespie v. Shafer, 69 Pa. Superior Ct. 394; Ott v. Leventry, 67 Pa. Superior Ct. 343; Wolf v. Sweeney, 270 Pa. 100.

*J. Roy Dickie,* with him *Wm. W. Wishart,* for appellee, cited: Gillespie v. Shafer, 69 Pa. Superior Ct. 389; King v. Brillhart, 271 Pa. 301; Rankin v. Baking Co., 272 Pa. 108.

OPINION BY MR. JUSTICE SCHAFFER, January 3, 1923:

This case is a close one and not free from difficulty in decision. The court below, following a verdict in plaintiff's favor, entered judgment for defendant; our conclusion, after carefully reviewing the entire record, is that this action was not warranted on the proofs submitted.

Plaintiff was driving a motorcycle along a highway in the city of Pittsburgh; ahead of him, traveling in the same direction, was a truck belonging to defendant and behind him an automobile proceeding likewise. There were double trolley tracks in the street, the truck running in the right-hand one. Taking the evidence most strongly in plaintiff's favor, and in testing the action of the court below we must so appraise the record before us (Geiger v. Garrett, 270 Pa. 192), it appears, appellant, being in the rear of the truck and desirous of passing it, blew his horn to indicate his intention, and was in the act of passing to the left, when the driver of that vehicle, without warning of any kind, and without giving attention to the fact that plaintiff was in the act of passing and at that time abreast of the truck,

suddenly turned it to the left, collided with the rear of appellant's motorcycle, precipitating him to the stone-surfaced roadway to his serious injury.

Appellee's contention is that the testimony shows the collision was not due to the negligence of the truck driver, but to the reckless way in which plaintiff was proceeding along the highway; that the driver of the truck, before turning to the left, gave the usual signal, of an extended hand, that he was about to make the turn, and that the evidence as to this fact is not contradicted, plaintiff's attempt to meet it being by negative testimony; that the cause of plaintiff's injuries was, that he collided with the truck, after due notice given of its change of direction, because of his own negligent speed, not only testified to by witnesses who observed him, but evidenced by the circumstance that there were marks on the roadway, made by the tires of his skidding motorcycle, going to show that he had applied his brakes in an endeavor to stop before striking the truck, and that the motorcycle had slid, with set brakes, for at least thirty-five feet before the impact.

Taking into account the surroundings of this accident, that it took place on a clear day, on a street comparatively free from traffic, we cannot agree that the testimony in appellant's behalf that no signal was given by the truck driver of an intention to turn to the left was negative. Plaintiff testified that, before attempting to pass the truck, he blew his horn, and looked on both sides of the truck, that the driver did not put out his hand to signal a change of direction, and that as he was passing and when he had progressed toward the front of the truck, it suddenly "shot" to the left and struck his motorcycle. The driver of the automobile behind plaintiff, with an unobstructed view of him and the truck, who observed the occurrences preceding plaintiff's turn to the left to pass it, its movements and the collision, said that, "as plaintiff was going around and to the left of the truck, it 'shot' off short to the left and

into the motorcycle," that "it seemed to slide, a little bit and when it did take hold [of the rail] it turned out very short to the left" and that he did not see the truck driver make any signal of his intended turn. We do not see what more the driver of a vehicle in the rear of another can say than that he did not see a turning signal, if one was not given, and where he was alert to observe such notice, as this plaintiff apparently was; under such circumstances, the testimony is more than negative.

Even if a signal was given, and there is evidence that it was by a witness other than the truck driver, the sudden swerve of the car to the left into the other vehicle abreast of it, which the truck driver admits he had not observed, would be sufficient, if found by the jury, to establish a negligent operation of the truck under the circumstances. What was said by Mr. Justice FRAZER in Piper v. Adams Express Co., 270 Pa. 54, 60, is apposite here: "Conceding his right to use any portion of the highway open to him and which circumstances, or his desires, may prompt him to use, his rights were necessarily subject to equal rights on the part of other users of the highway, and in passing from one side to the other he was bound to do so with proper regard to the rights and safety of others. Whether defendant's driver performed his duty in this respect was necessarily for the jury. Both vehicles were lawfully using the street and each was bound to do so with due consideration for the rights of the other."

In our opinion, the court erred in entering judgment for defendant; the case was not so clear as to require its disposition as a matter of law.

The judgment is reversed and set aside with directions to the court below to enter judgment for plaintiff on the verdict.