Brenton *v.* Colbert, Appellant.

278

Argued October 6, 1931. Before FRAZER, C. J., WALL-ING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*J. Roy Dickie,* with him *Witherspoon & Devore,* for appellant.

*J. Albert Reed* and *Thomas L. Anderson,* for appellee, were not heard.

PER CURIAM, November 23, 1931:

Plaintiff sued to recover for personal injuries sustained in a collision by an automobile, in which he was riding as a guest, with a truck of defendant. The verdict was for plaintiff. Defendant appeals from the overruling of his motions for a new trial and judgment n. o. v.

On August 20, 1929, plaintiff was traveling with others from Monessen to West Brownsville, in a Chevrolet coupé belonging to and driven by his neighbor, Fred Smith. As they neared the Fredericktown Road, they were following a five-ton truck used by defendant in the course of construction work under way on the National Pike at this point. The truck made a left turn from the pike into the Fredericktown Road, proceeding in the latter for a distance of 75 to 100 feet, the Smith coupé following 15 to 20 feet in its rear. The truck suddenly stopped and began backing toward the pike. The truck driver testified he failed to give warning of intention to back his machine, but says he looked to the rear and did not observe the coupé following him, which was likewise obliged to stop and reverse to avoid a collision. The driver of the coupé sounded his horn and plaintiff shouted to the truck driver without being able to attract his attention. Both the National Pike and the Fredericktown Road are heavily traveled highways, traffic at that time being permitted on the former with warning signs that construction work was under way. The Smith coupé was forced back by the truck approximately to the National Pike before the coupé driver noticed an opportunity to pass to the left of the truck. As he passed around, the latter lurched suddenly and its left rear corner struck plaintiff's arm, resting at the time on the open window of the coupé, inflicting the injury sued for.

Appellant, on appeal from the action of the court below in dismissing his motion for a new trial and for judgment non obstante veredicto, contends the cause of the accident was the protruding elbow of plaintiff and not the negligence of the truck driver. The latter admits having failed to give warning of his intention to reverse the motion of his truck, but "looked back." Plaintiff admits having his arm resting on the door-window sill of the car. Whether either plaintiff or the driver was chargeable with negligence under the circumstances was for the jury: Little v. Central D. & P.

280

Telegraph Co., 213 Pa. 229, 237; Hull v. Bowers, 273 Pa. 429, and Robinson v. American Ice Co., 292 Pa. 367, 369-70.

Defendant advances the further argument, although not stated in the questions involved, that his truck driver should not be charged with negligence because the National Pike was undergoing repairs at the time and warnings were posted to that effect notifying drivers of automobiles. The accident did not happen on the National Pike, but if it had, the situation of the parties would not have been materially changed, and each would have owed to the other approximately the same degree of care required of them while using the Fredericktown Road. The evidence shows defendant's employee, while engaged in the business of his employer, failed to use the reasonable care the circumstances demanded of him, as the verdict indicates, consequently his negligence is not excusable because he, at the time, was engaged in work on a public highway. Under such circumstances those engaged in the construction work as well as travelers on the highway are required to exercise more, rather than less, than ordinary caution.

The question of the driver's negligence and also the contributory negligence of plaintiff were both for the jury and were fairly submitted by the trial judge.

Judgment affirmed.