Thomas et al. *v.* Geo. W. Boyd Company,
Appellant, et al.

Argued March 21, 1933.   Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

268

*Roy Rose,* of *Thompson, Rose, Bechman & Dunn,* with him *W. C. Leffingwell,* for appellant.

*Louis J. Wiesen,* with him *Roy Neville,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, April 24, 1933:

The court below sent this case to a jury and a verdict resulted in favor of plaintiffs. Defendant argues that no recovery should be permitted, that it was not negligent, and that there was contributory negligence barring an award. The view taken by the trial judge was correct. The case was for the jury.

The two plaintiffs are father and son. The latter, who was injured, was driving a truck on a clear day on a straight stretch of concrete road eighteen feet wide. Ahead of him and to his left the truck of a telephone company was parked on the roadside, partly on the concrete and partly on the berm. As the plaintiff son approached the parked truck he observed another large truck covered with tarpaulin approaching in the opposite direction. He concluded both would reach the parked vehicle at the same time and so lessened his speed. The large truck blocked his view of what was behind it. At a speed of about thirty miles an hour, it swung out to its left around the telephone truck and safely passed plaintiff, who was driving at a similar speed and had pulled over as far as he could to the right side of the road. When plaintiff was opposite the middle of the parked vehicle and for the first time could see behind the large truck, he suddenly observed defendant's truck a little more than its own length in rear of the first

one and was side-swiped by the rear end of defendant's truck, and quite severely injured.

It was negligent for the driver of defendant's truck to drive so close to the first truck, at a distance of one and a half truck lengths behind it. His truck was sixteen feet seven inches long. Section 1014 (b) of the Act of May 11, 1927, P. L. 886, 939, 75 P. S., section 545, which was in effect on the date of the accident, required such commercial trucks to follow other vehicles at a distance of not less than one hundred feet. Had this regulation been observed, defendant's truck would not have arrived at the parked truck at the critical instant when plain-tiff was passing it and would not have been hidden from his view.

Furthermore, the driver of defendant's truck heed-lessly followed the large one in front of him without any regard for traffic coming in the opposite direction and without looking for it. In turning out of his lane of traffic to pass the parked vehicle, which he had seen be-fore reaching it, defendant's driver did the grossly neg-ligent act of turning out of traffic onto the wrong side of the road without giving consideration to the rights of others approaching in the opposite direction on the proper side of the highway. Under sections 1010 and 1012 of the Act of 1927, supra, appellant's driver was required to surrender one-half of the road and not cross the center line when passing plaintiff. The testimony shows that defendant's car was in the middle of the road at the time of the collision.

Appellant urges upon us that it was negligence on the part of the injured plaintiff in not driving on the berm to avoid the accident. Our reading of the testimony does not make it clear that he did not. But whether he did or did not do so, the emergency confronting him was so sudden that he could not be convicted of negligence even if he did not. It is also contended that he was negligent in having his arm on the window sill beyond the line of his car, that he could not have been injured in the way

he was unless this had been so. It is sufficient answer to this to note the fact that the young man testified he did not have his arm beyond the car line. Whether it is negligence to rest an arm on the window sill of a car is a jury question: Brenton v. Colbert, 305 Pa. 277. It is also argued that the plaintiff was driving at an unlawful speed, that the Act of 1927 limits the speed of his truck to twenty-six miles an hour. The testimony leaves in doubt his speed at the time of the collision, as he had slackened it. This question was for the jury. It is also urged that plaintiff should have stopped and allowed defendant's truck to pass the parked one. The sufficient reply to this is that he did not know defendant's truck was on the road. If there was a duty to stop, it was on defendant's driver.

The cases cited by appellant applying to collisions at street intersections have no bearing on this case. The situations are not the same. Nor have those cases involving night driving and collisions due to a speed too great to be controlled within the limits of the illumination of lights. It is useless for both counsel and court to cite cases in this branch of the law where there is no analogy in the factual situations. The rulings in Adams v. Fields, 308 Pa. 301, and Nichols v. Kreinson, 105 Pa. Superior Ct. 85, cited by appellees, bear upon the case in hand and sustain the recovery.

The judgment is affirmed.