Jamison *v.* Kamerer, Appellant.

2

Argued September 26, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Louis J. Wiesen,* with him *Emrys G. Francis* and *Davis, Fruit & Anderson,* for appellant.

*John H. Sorg,* with him *Stranahan & Sampson,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, November 27, 1933:

In this action of trespass for negligence, plaintiff recovered a verdict and judgment, from the latter of which defendant appeals. His principal complaints are that the court below erred in not ruling, as a matter of law, that he was not negligent, and that plaintiff was contributorily negligent. In determining whether or not these complaints are well founded, we must give to plaintiff the benefit of every fact and reasonable inference of fact, favoring his contention, which the jury might properly have found from the evidence; and must reject

every alleged fact and inference of fact, unfavorable to him, if depending solely on testimony: Vendig v. Union League of Phila., 291 Pa. 536; Frank v. Reading Co., 297 Pa. 233. Thus viewed, the important facts are as follows:

The accident happened about 4:30 p. m. of August 12, 1931, on State Highway Route No. 18, near Shenango in this Commonwealth. The day was bright and clear and the highway was straight and in excellent condition. It had a central slab of concrete eighteen feet wide, on either side of which was a berm about five feet wide. At that time, three vehicles were traveling northward on the road. The one in front was a truck; some 200 to 300 feet back of it was defendant's automobile occupied by him and his wife and being driven by the latter; some thirty or forty feet still further back was plaintiff's automobile, which he was driving. The three cars had maintained these relative positions while traveling a mile or more. Immediately before the accident, the truck drew over to the right side of the road and stopped there, its left wheels being about a foot on the concrete (leaving approximately seventeen feet thereof for passing vehicles); the balance of the truck being over the right berm. Desiring to pass on, and no vehicle then occupying the part of the road he was about to use, plaintiff sounded his horn, turned to the left towards the center of the highway, and, in order to avoid occupying the left-hand side of the road longer than necessary, increased his speed to thirty-five or forty miles an hour. When the front of his car was opposite and about one-third of the way past defendant's car, defendant's wife, without signalling any notice of her intention, and without looking to see whether or not she could safely do so, turned her car sharply to the left, directly into the path of plaintiff's car. This compelled him, in order to avoid a collision, to turn quickly to his left, run across the concrete slab and onto and over the adjoining berm. Before he could stop his car it struck a foot bridge, which

deflected the car into a ditch on that side of the road and then against the head wall of a culvert, thereby causing the injuries on account of which this suit was brought.

In appellant's brief it is said: "The only disputed fact in the entire record is whether appellant's car moved gradually or suddenly to its left to pass the Turner truck," and this, under the authorities cited, must be determined in favor of plaintiff, thereby conclusively establishing, for the purposes of this appeal, that defendant's wife, without signalling her intention so to do, and without even looking to see if she could safely do so, suddenly turned her car directly in front of plaintiff's car, which act ultimately resulted in the injuries suffered by plaintiff. Appellant asserts that plaintiff should have put on his brake as soon as defendant's car wrongfully cut in front. He says he did, and under the authorities cited, this also must be accepted as true. Moreover, in the sudden emergency confronting him, in the second or less of time before he was injured, he was not negligent as a matter of law in acting as he did, even if he did not do all that he would have been required to do under less strenuous circumstances: Thomas v. Geo. W. Boyd Co., 311 Pa. 267, 269.

It is clear, therefore, that we cannot reverse the judgment, since the jury found that plaintiff was not guilty of negligence and that defendant's wife was. At the time he did so, plaintiff had the right to turn to the left side of the highway to pass around defendant's car and the standing truck. There was no traffic on that side, traveling in either direction, and no indication that defendant's wife also intended to turn thereinto. On the other hand, defendant's wife had no right to turn as she did, without signalling her intention so to do and without first looking to see whether in so doing she would collide with others properly using the highway, and assuring herself that she would not. This, section 1012, of the Vehicle Code of May 1, 1929, P. L. 905, 979, expressly requires. She could readily have ascertained whether

or not her movement might result in injury to plaintiff, who was traveling in the same direction as she was. The merest glance would have told her this. Admittedly, she neither signalled nor looked, but, without doing either, turned suddenly in front of plaintiff's car. This was negligence, statutorily determined to be so, and caused all the trouble (Zandras v. Moffett, 286 Pa. 477) ; indeed such a turn would have been negligent even had she looked and seen plaintiff's car.

But two other complaints are made in appellant's statement of the questions involved. 1st. That the charge to the jury was inadequate, misleading and erroneous. This complaint has no basis of fact to support it. 2d. That the court below abused its discretion in not granting a new trial because of specified after-discovered evidence. The only respect in which this new evidence could possibly have varied that which we have above outlined would have been on the question as to whether or not defendant's wife turned her automobile sharply to the left in front of plaintiff's car, or, as the new witness says, she did so by a "gradual process of turning." This was but cumulative evidence, and moreover is an immaterial matter. As already stated, she made the turn, directly into the path of plaintiff's car, which was traveling at thirty-five to forty miles an hour, without signalling her intention, without looking to see whether or not she could do so safely, and without considering the rights of plaintiff or any one else using the highway. Indeed, she may congratulate herself that plaintiff was more careful for her safety than she was herself. By turning as he did,—an act which appellant frankly admits was "prudent" and "commendable,"—plaintiff took upon himself all the risk growing out of her negligence, and probably saved her from serious personal injury.

The judgment of the court below is affirmed.