BAKER *v.* BOONE.

4-7242                          177 S. W. 2d 756

Opinion delivered February 14, 1944.

824

Y. W. *Etheridge*, *Everard Hinshaw* and *Frankel & Frankel*, for appellant.

*Ovit T. Switzer* and *DuVal L. Purkins*, for appellee.

GRIFFIN SMITH, Chief Justice. D. L. Baker's truck was being operated by Richard Benford November 21, 1942, when it collided with an automobile driven by Carl V. Boone, nineteen years of age.[1] Boone's left arm was shattered, in consequence of which a jury award of $5,000 was made, with judgment by the Court.

The motion for a new trial alleges seventeen errors. Those argued are (a) that defendant's motion to make the complaint more definite and certain should have been sustained; (b) defendant's requested instructions Nos. 1 and 10 should have been given; (c) there was no substantial evidence upon which the jury could have found that Benford was negligent; (d) appellee contributed to his injury; and, (e) the judgment is excessive.

The two vehicles came together on Highway 82 in the City of Crossett. Appellee's testimony is that he

---

[1] Benford, a Negro, was Baker's servant. The plaintiff's suit was brought in his father's name, as next friend. [Where, in the opinion, "appellee" is mentioned, the reference is to Carl V. Boone.]

was driving westward when the Baker truck came out of a north-south alley. Benford was proceeding at an estimated speed of fifteen or twenty miles an hour— "pretty fast," as the witness expressed it. His own speed was between twenty and twenty-five miles an hour. When appellee first observed the truck it was thirty or forty feet from where the collision occurred. Benford drove across the highway—about four feet north of the median line. Appellee drove to his right as far as possible, and when struck he was partly on the gravel that joins the blacktop paving.

Plaintiff's theory at the trial was that Benford turned left (west) to avoid a hole near where the alley joins the highway, and but for the surface impediment he (Benford) would have gone east on Highway 82—the direction intended. In driving around the hole Benford placed himself near the center of the highway necessitating a sharp turn. In so manoeuvering he "sideswiped" the Boone car, with damage to the left front door and physical injury to appellee.

C. G. Emerson, as witness for plaintiff, testified that soon after the collision he inspected the scene:— "The first dirt showed near the middle of the highway and extended north some eight or ten feet." On cross examination Emerson expressed the opinion that contact between the two vehicles occurred in the center of the highway—that is, at a point on the paving approximately fifteen feet north of the alley opening.

Benford testified that he drove to the edge of a five-foot sidewalk intersected by the alley south of the highway, and stopped, having observed the Boone car. At that time Boone was "down [east] about five [telephone] poles," proceeding westwardly. At the right of the alley near the sidewalk there is a culvert—at the edge of the highway. Benford asserted that he "swung over to the left and came around to keep from going into a hole." The witness was homeward bound.

A conclusion to be drawn from Benford's testimony is that but for the hole he would have made a more abrupt right-hand turn when emerging from the alley.

In driving into the street the truck was in second gear. When about ten or twelve feet from the south side of the blacktop Benford saw the Boone car approaching:— "It was 'angling' toward me, and I just cut over to my right." Boone, he testified, struck the rear of the truck "bed."

Turner Brooks, a witness for the plaintiff, testified that he was in Morgan's Cafe (standing, apparently, in the doorway) when the collision occurred.[2] Brooks heard the impact and noted position of the two cars. Wheels on the right side of Boone's car were "well on the north side of the highway—on the shoulders off the blacktop." Rear of the truck "was something over three feet—probably four feet—across the center of the highway, to the north." This witness, although he did not see the collision, testified that he was looking at the truck as it passed going north on the alley, and "As I saw it [Benford] didn't stop. He was traveling ten or twelve miles an hour."

It will be observed that testimony of the four witnesses varies sharply as to material facts. Benford's version placed the truck fully three feet south of the highway center, while Boone says he was north of the center and partly off the blacktop. As to Emerson's testimony, it is possible that force of the impact pushed Boone's car in the direction the truck was going—assuming, as Emerson says (corroborated by Boone) that the truck was driven directly north from the alley. An inference deducible from Emerson's testimony is that Benford did not discover his peril until the truck was near the center of the highway, and that he could not, at that time, steer in such manner as to avoid contact. While this may not be true, and Benford may have accurately described the transaction, there was substantial evidence upon which the jury could find Benford

[2] A thirty-foot vacant lot is between the alley and Morgan's Cafe, south of the highway. The northwest corner of the Cafe is 47.2 feet south of the sidewalk. The south gravel highway shoulder is 11.6 feet wide, and the sidewalk is 5 feet. Position of the Cafe door is not shown, but the witness must have been more than 150 feet from the center of the highway.

negligent. Certainly Benford was at fault if Boone testified truthfully.

*First.*—(a)—The complaint has not been abstracted, nor has that deficiency been supplied by appellee; hence it cannot be said that the Court abused its discretion in overruling the motion to make more definite and certain.

*Second.*—(b)—Appellant's contention that refusal of the Court to give the requested instructions was error must be decided against him because only one of the two requested instructions has been abstracted (No. 10), and there is no abstract of instructions actually given. The ruling complained of, if it were error, may have been cured by a correct instruction.

*Third.*—(c)—Enough of the testimony has been sketched to show that there was a controverted question of fact for submission to the jury.

*Fourth.*—(d)—It is insisted that as a matter of law appellant was negligent in that he was driving with his left arm "hanging out" of the adjacent window. Boone denied this, although there is testimony that in describing the collision to hospital attendants he made that explanation. But even though it be conceded that his arm was in the position alleged, this of itself would not be negligence; that is, it was not negligence *per se.* The general rule is that before a plaintiff's action can be defeated, his conduct must have contributed to consequences of the tort in such way that if the plaintiff had not been at fault he would have escaped injury. American Jurisprudence, v. 38, "Negligence," p. 898, § 213. Proximate cause almost invariably enters into the transaction, creating a question of fact. An emphatic declaration was made *per curiam* in *Brenton* v. *Colbert,* (1931) 157 Atl. 619, 305 Pa. 277. The case is very similar to the controversy with which we are dealing, one difference being that in the Pennsylvania case the plaintiff was a guest. It was there held that where a backing truck swerved suddenly so that a corner struck a passing motorist's arm at a time when the motorist's arm was resting on an open window of the automobile, the question of contribu-

tory negligence was for the jury. See *Hobbs-Western Co.* v. *Carmical,* 192 Ark. 59, 91 S. W. 2d 601.

*Fifth.*—(c)—The verdict was not excessive. There appears to have been permanent injury. At least substantial evidence is to that effect. The trial occurred four months after the collision. At that time there were open wounds, and shattered bone was exposed.

Affirmed.