Kovalish *v.* Smith et al., Appellants.

Argued May 27, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*Joseph M. Loughran,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, June 30, 1947:

Joseph Kovalish, appellee, instituted this action in trespass against Byer Smith, appellant in Appeal No. 67, and Charles N. Newhouse, appellant in Appeal No. 68, to recover for personal injuries sustained when Newhouse, operating a truck owned by Smith, suddenly drove the truck to its left side of the highway at a time when the driver of the car in which appellee was a passenger, had commenced to pass it. A jury returned a verdict of $15,000 in favor of appellee. These appeals are from the judgment of the court below dismissing appellants' motions for a new trial and for judgment non obstante veredicto.

Joseph Kovalish, appellee, at approximately 5:00 P. M. on June 19, 1942, was a passenger on the front seat of the automobile of one Nick Sracic. Kovalish was seated next to the right front door. Near the village of Cokeville, proceeding toward Blairsville, they ap-

proached a truck traveling in the same direction. This truck owned by Byer Smith, appellant, and operated by Charles Newhouse, appellant. There being no oncoming traffic, Sracic swung his vehicle to the left some distance behind the truck and commenced to pass it when Newhouse suddenly, and without any indication of an intention so to do, turned left across the road and in front of Sracic's automobile. Sracic unsuccessfully attempted to avoid the collision by swerving to his left but the left rear tire of his car hit the curbing of a concrete bridge at the side of the road. No one was injured except Kovalish, his right arm was permanently injured.

Appellants do not contest their negligence but contend that (1) the charge of the trial judge was fundamentally erroneous in that the issue of appellee's contributory negligence regarding resting his arm on the door sill was not adequately presented; and (2) the verdict was so excessive and without foundation that a new trial must be awarded.

The only positive testimony regarding protrusion of appellee's arm beyond the car line was that of appellee and appellee's witnesses who were also passengers in the car. If the jury found they were credible witnesses, it could properly have concluded that his arm did not protrude. Appellants sought to establish protrusion by the fact of blood upon the truck at a height indicating that the arm came into contact therewith, and that all of the glass in the door was found to have fallen into the lower portion of the door itself.

Appellants submitted the following point for charge: "4th. In the event you should find that plaintiff had his arm resting on right front door and extending outside open window in said door at time of collision and you should further find that arm in said position came in contact with left rear corner of body of truck being driven by Charles N. Newhouse, one of the defendants, the plaintiff was guilty of contributory negligence and

your verdict should be for the defendants." In answer thereto the court charged: "Well, that point is affirmed if it was a fact that his arm was outside the window and that was responsible for him being injured, but there is no testimony, as I recollect, of that, but, however, it is a matter for you; if you recollect any testimony of his arm being outside and that was the proximate cause of the injury, then that point could be affirmed, but you take that all into consideration and determine what the true facts were." This qualification of appellants' point for charge, while not accurate, does not, in the circumstances of this case, constitute reversible error. "Contributory negligence is conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection and which is a legally contributing cause, co-operating with the negligence of the defendant in bringing about the plaintiff's harm": Restatement, Torts, section 463. The jury should have been instructed that if it found as a fact that appellee's arm was outside the car line, and that was a contributing cause of the injury, then the verdict should have been for appellants. There is no conclusive evidence that appellee's arm was thus extended. The evidence relied upon by appellants might have created suspicion and doubt but was weak when compared with the direct testimony of appellee and other occupants of the car in which he was riding that he did not have his arm extended beyond the car line. Whether it is negligence to rest an arm on the window-sill of a car and whether that fact is a legally contributing cause of the injury is a question for the jury: *Thomas v. G. W. Boyd Co.,* 311 Pa. 267, 270, 166 A. 767; *Brenton v. Colbert,* 305 Pa. 277, 157 A. 619.

Regarding the excessiveness of the verdict, the actual damages proven by appellee totaled $5375.98. In addition thereto, two physicians testified that there was a permanent disability of the right forearm in amounts of 50 per cent and 65 per cent. As shown to the jury and described by the doctors, the arm remains fixed at the

elbow and cannot be used for any purpose whatsoever. Prior to the accident, appellee was earning $50 per week as a coal miner. Subsequently thereto, the union gave him temporary work as check weighman. He was a young married man, the father of several children and had been a coal miner with the same company for eight years prior to the accident. The jury might properly have taken into consideration the foregoing facts in determining the loss of earning power. They saw appellee and his physical condition. The record does not establish what portion of the verdict represents recovery for physical pain and suffering. We are of opinion, however, that the verdict should be reduced to $12,000.

The judgment, as reduced to $12,000, is affirmed.