Shakley, Appellant, *v.* Lee.

Argued September 25, 1951. Before DREW, C. J., STERN, STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*J. Campbell Brandon,* with him *Brandon, Millar & Duffy,* for appellant.

*Lee C. McCandless,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, November 13, 1951:

State Highway Route No. 8, a three-lane cement highway, leads south from Butler to Pittsburgh, each lane being 11 feet wide. In the mid-afternoon of April 21, 1948, a truck driven by defendant, Joseph Lee, was

traveling on the northbound lane toward Butler. Suddenly deciding to turn back he swung around at a filling station and then proceeded in the center lane southward toward Pittsburgh. Some distance back on the highway Lawrence Shakley was driving a Ford car southward in the southbound lane at a rate of speed estimated at from 45 to 50 miles per hour. As he reached, or at least closely approached, a road, known as the Denny Road, which intersected the highway on the west at a distance of from 500 to 600 feet from the filling station, defendant's truck suddenly started over from the center into the southbound lane and thereby came into collision with Shakley's car, which was then in the act of passing it to its right. Shakley was killed in the collision and the administrator of his estate brought suit against Lee and recovered a verdict in the amount of $5,790.35. The court, however, entered judgment n.o.v. for defendant, from which judgment plaintiff now appeals.

Defendant was obviously negligent in turning from the center into the southbound lane without warning and without having reasonably assured himself that no other vehicle was abreast of his truck or immediately to the rear of it in the lane into which he was moving: *Nold v. Higgins Lumber Co.,* 276 Pa. 195, 119 A. 919; *Jamison v. Kamerer,* 313 Pa. 1, 169 A. 231; *Martin v. Arnold,* 366 Pa. 128, 132, 77 A. 2d 99, 101, 102. The only question here involved is whether the court properly concluded that decedent was guilty of contributory negligence as a matter of law. That conclusion was based upon two violations by decedent of The Vehicle Code of May 1, 1929, P.L. 905,—the one of section 1008 (c) that "The driver of a vehicle shall not overtake and pass any other vehicle, proceeding in the same direction, . . . at any intersection of highways, . . ." except under certain conditions not here

relevant, the other of section 1007 that "The driver of any vehicle overtaking another vehicle proceeding in the same direction shall pass at a safe distance to the left thereof, and shall not again drive to the right side of the highway until safely clear of such overtaken vehicle . . .", with certain exceptions not here applicable.

As to the interdiction against passing at an intersection there was considerable controversy at the trial as to whether the accident actually happened at the Denny Road intersection. If the accident did take place there decedent's attempt to pass at that point would constitute negligence per se: *Jinks v. Currie,* 324 Pa. 532, 188 A. 356. But defendant testified that he meant to continue on the highway toward Pittsburgh and had no intention of turning into Denny Road; therefore the existence of the intersection was merely an incidental circumstance of the accident and played no part whatever in its occurrence. Violation of a statute, constituting negligence per se, is nevertheless not a ground of liability, nor does it support a charge of contributory negligence, unless it is the proximate and efficient cause of an accident which is of the type the legislative enactment was designed to prevent: *Hayes v. Schomaker,* 302 Pa. 72, 77, 152 A. 827, 829; *Hutchinson v. Follmer Trucking Co.,* 333 Pa. 424, 427, 5 A. 2d 182, 183; *Salvitti v. Throppe,* 343 Pa. 642, 23 A. 2d 445; *Steffenson v. Lehigh Valley Transit Co.,* 361 Pa. 317, 321, 322, 64 A. 2d 785, 788.

Different considerations apply to decedent's violation of section 1007. There is no question, under plaintiff's own evidence, but that, while defendant's truck was proceeding along the center lane, decedent, traveling in the same direction on the right, was in the act of passing it when it started to turn into the southbound lane. It is therefore obvious that if decedent had held back until the truck came over ahead of him into

the southbound lane and had then himself entered the center lane and passed the truck on its left instead of on its right in violation of the statute, the accident would not have happened; accordingly, such violation, being clearly a contributing cause of the accident that followed, justified the action of the court below in entering judgment for defendant n.o.v.

The order granting the motion for judgment n.o.v. is affirmed.