## Syken v. Stevenson

*Joseph G. Feldman*, for plaintiff.

*Robert A. Detweiler*, for defendant.

REIMEL, J., December 1, 1954.—This is an action in trespass for injuries sustained when the rear vision mirror extending from the left side of defendant's vehicle struck the hand of plaintiff extended from his vehicle to indicate that he was about to make a left turn from Columbia Avenue into Watts Street.

The testimony viewed in the light most favorable to plaintiff is that on October 25, 1953, at about 1:45 a.m. plaintiff was operating his automobile in an easterly direction on Columbia Avenue. Intending to make a left turn north on Watts Street, a "T" intersection, he stopped and waited for westbound traffic on Columbia Avenue to pass him. He put his arm out

to signal for his turn. Two or three westbound cars passed him. Defendant's car was the last in the westbound line. Plaintiff saw defendant's vehicle when it was 50 feet away. The left sides of the respective cars were 10 or 12 feet apart. When defendant's vehicle was 30 feet from plaintiff, defendant's car veered to its left, and as it passed plaintiff's car the rear view mirror struck plaintiff's hand.

Plaintiff in extending his arm from and beyond the left side of his vehicle to indicate his intention to negotiate a left turn from Columbia Avenue was fulfilling his duty under The Vehicle Code of May 1, 1929, P. L. 905, sec. 1012, as amended, 75 PS §571. Moreover he brought his vehicle to a standstill in the portion of the highway nearest to the center line as required (75 PS §546). In addition thereto the question of whether the extension of plaintiff's arm is a legally contributing cause of the injury is a question for the jury; see Kovalish v. Smith et al., 357 Pa. 219, 222; A. L. I. Restatement of the Law of Torts, §463.

Plaintiff at the place where he stopped his vehicle and with his hand extended to indicate that he intended to make a left turn was not required to anticipate and guard against the want of ordinary care on the part of defendant whose vehicle was approaching from the opposite direction; see Weinberg v. Broomall, 111 Pa. Superior Ct. 115, 119.

As a result of the accident plaintiff sustained a fracture of the forearm disabling him for 11 weeks, seven weeks of which his arm was in a cast; he lost a diamond ring valued at $1,250; he incurred a hospital bill of $70 and a physician's bill of $84. In rendering a finding in the sum of $1,800 the court awarded plaintiff less than $400 for pain and suffering. This finding is eminently fair.

We have carefully considered the evidence and are of the opinion that defendant was afforded a fair trial. We, therefore, enter the following.

### Order

And now, to wit, December 1, 1954, defendant's exceptions to the findings of the court are dismissed and judgment is entered in favor of plaintiff in the sum of $1,800.