Palmer *v.* McKinney, Appellant.

Argued October 7, 1959. Before Jones, C. J., Bell, Jones, Cohen, Bok and McBride, JJ.

428

reargument refused December 8, 1959.

*James Francis O'Malley,* with him *Yost & O'Malley,* for appellant.

*Samuel R. DiFrancesco,* for appellees.

OPINION BY MR. JUSTICE BOK, November 9, 1959:

At noon of a rainy day in September, 1957, Mrs. Palmer, the plaintiff, was driving on Central Avenue towards Johnstown. She stopped at a red light, and as she started again she looked in her rear mirror and saw nothing behind her.

She was driving in the outermost lane of a street forty feet wide which had four lanes. The outer lanes of both the inbound and outbound sides were smooth concrete and the inner two were occupied by two sets of streetcar rails and rough cobble. A witness said that four cars could travel abreast but that the surface within the rails was very rough and not fit to travel on.

Although there was rain, visibility was good. Mrs. Palmer went fifty yards from the traffic light and saw two cars legally parked in her lane in front of a restaurant. She was not driving over twenty-five miles per hour but slowed to fifteen or twenty when she pulled out partly in the other line to pass the parked cars. She did not pass them because just as she was

ready to do so she was hit in the rear by defendant's car. Another witness said that she was hit squarely by a car that was directly behind her.

Mrs. Palmer testified that she never saw the other car, that she did not look before moving into the next lane, nor did she give a signal of her intention to turn out.

The jury found in favor of her and her husband and defendant now asks for judgment n.o.v.

Section 1012 of The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 P.S. §571, reads in part as follows: "The driver of any vehicle upon a highway before . . . stopping or turning from a direct line, shall first see that such movement can be made in safety, . . . and whenever the operation of any other vehicle . . . following may be affected by such movement, shall give a signal . . . plainly visible to the driver of such other vehicle of the intention to make such movement."

Plaintiff admittedly failed in both of these statutory duties. She now seeks to escape the noose of contributory negligence by arguing that the accident happened in only one way and that that way disclosed only the defendant's negligence as the proximate cause of the accident. Her theory is that defendant's car was following her too closely as she drove forward in the right lane and turned into the left lane. The mere statement of such a theory shows its fallacy. Following too closely, defendant would have had to be superhuman to anticipate Mrs. Palmer's left turn at precisely the instant to avoid hitting her, taking into account not only her actual decrease in speed but also her relative decrease in speed while turning, when its component of forward direction was reduced by its component of diagonal direction. It was to avoid such impossibly delicate reactions that the Legislature required the leading driver to look and signal and prohibited the following driver from driving too near.

It is obvious that Mrs. Palmer brought her troubles upon herself. As plaintiff she does not show a case free of contributory negligence. We said in *Lear v. Shirk's Motor Express Corp.*, 397 Pa. 144 (1959), 152 A. 2d 883, speaking of declaring contributory negligence as a matter of law: "It may be done only where the 'only reasonable inference' of the evidence in *plaintiff's own case* shows want of due care."

In *Shakley v. Lee*, 368 Pa. 476 (1951), 84 A. 2d 322, judgment n.o.v. was entered for the defendant on the ground that plaintiff's violation of The Vehicle Code in passing a truck to the right was negligence per se and a contributing cause of the accident. We also said, by Mr. Justice STERN: "Defendant was obviously negligent in turning from the center into the southbound lane without warning and without having reasonably assured himself that no other vehicle was abreast of his truck or immediately to the rear of it in the lane into which he was moving. Nold v. Higgins Lumber Co., 276 Pa. 195, 119 A. 919; Jamison v. Kamerer, 313 Pa. 1, 169 A. 231; Martin v. Arnold, 366 Pa. 128, 132, 77 A. 2d 99, 101, 102."

We believe that Mrs. Palmer's negligence clearly appears even under her best theory as justified by the verdict.

The judgment is reversed and is here entered for the defendant.

Mr. Chief Justice JONES dissents.