Bonacci et al., Appellants, *v.* Horner.

Argued November 13, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Earl R. Handler*, with him *Fremont J. McKenrick*, and *Handler & Malcolm*, and *McKenrick and McKenrick*, for appellants.

*Michael J. Pugliese*, with him *Arnold D. Smorto, Eugene A. Creany*, and *Smorto & Creany*, for appellees.

OPINION BY ERVIN, J., December 16, 1964:

The plaintiffs, Diana G. Pompelia and Charles Pompelia, her husband, and Joseph Bonacci and Dorothy Bonacci, parents of Diana G. Pompelia, brought suit against Sandra Ann Horner and Rodney Ellsworth Horner, her husband, for personal injuries to Diana, property damage and medical bills for Charles, and medical bills for Diana's parents. Charles G. Pompelia was joined as an additional defendant. After completion of the plaintiffs' case a nonsuit was granted as to Rodney Horner. Upon completion of the trial, the jury rendered a verdict in favor of Diana against

her husband, Charles, alone, in the sum of $6,000.00, and another verdict in favor of Diana's parents in the sum of $87.00. The jury found in favor of Sandra Horner. The attorney for plaintiffs then moved for a new trial, which was refused. This appeal followed.

The thrust of appellants' argument is that there was no evidence produced at the trial which would permit the jury to find against Charles Pompelia and in favor of Sandra Horner.

The accident in question occurred on March 21, 1959 on a sharp "ninety degree" curve on Route 56 in the City of Johnstown. The plaintiffs were proceeding in a northerly direction and the defendants in a southerly direction. The cars collided while negotiating the curve. Plaintiffs' evidence clearly stated that defendants' car came onto their side of the road, causing the collision. It is also clear from the defendants' evidence that defendants' car was on its side of the road. Furthermore, certain photographs were placed in evidence by the plaintiffs and these were used by both sides.

The defendant, Rodney E. Horner, testified on direct examination as follows: "Q. Mr. Horner, I am going to ask you to examine again Plaintiffs' Exhibits Nos. 2 and 4, and with a ballpoint place a line which would indicate the white line if one were placed on the highway. (Witness makes mark.) A. That should be about it. Q. Now, again I ask you to come down before the jury. (Witness again goes before the jury.) Q. I don't believe it wrote on the one too well, but on Plaintiffs' Exhibit No. 2, indicate to the jury what would be the imaginary white line? A. Approximately down the blue line, it would come down approximately this blue line I have drawn here. Q. And you are indicating to the line made by the ballpoint pen? A. Yes. Q. Which goes between the point of impact as indicated by you and the point of impact as indicated by Mr.

Pompelia? A. That's right. MR. CREANY: Take the stand again. (Witness returns to the witness stand.) Q. So that if I understand your interpretation of this marking, the point of impact actually would be on your lane of travel? A. It was very, very close. An inch or two either way on either car and this would have been eliminated. According to the drawing I have the point of impact marked on my side. That is my best interpretation of what happened, but again, as I said, it was very close."

The defendant, Rodney E. Horner, also testified on cross-examination as follows: "Q. But on this photograph you have depicted the same point, and I am referring to Plaintiffs' Exhibit No. 2, you have depicted the point of impact as being farther over to what would be the right of the center line in the direction you were going, so that it would put the point of impact in your lane of traffic? A. Yes, sir, but I think you have to remember that this is all on a hill going down, so that is the reason why it looks as if there is more room here than what there is here, between the point I have marked and the line that I have drawn. Q. At any rate, you said in your direct examination that only inches would have made the difference, is that right? A. Yes, sir, I think so. Q. Do you think that on this photograph, Plaintiffs' Exhibit No. 2, that you were depicting a point that was only inches away from the center line? A. This isn't a scaled drawing but this is as well as I can make it. Q. And you are willing to stand on these two drawings, the way you have drawn them? A. Yes, sir, I am."

Under the court's charge and under the evidence, the jury clearly understood the issues involved and clearly understood that it had to decide which car was on the wrong side of the highway. Each party claimed to be on his right side of the road. Each side claimed the other came onto the wrong side. In view of the

conflicting evidence, this was obviously a case for the jury.

The grant or refusal of a new trial by the court below will not be reversed by this Court in the absence of a clear abuse of discretion or an error of law which controlled the outcome of the case: *DeMichiei v. Holfelder*, 410 Pa. 483, 485, 189 A. 2d 882. We find no abuse of discretion or error of law by the court below.

Judgments affirmed.