Houlihan *v.* Hazlett et al., Appellants.

Argued April 25, 1969.   Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*George J. McConchie*, with him *Cramp & D'Iorio*, for appellants.

*William P. O'Neill*, with him *John R. Graham* and *Arthur Levy*, for appellees.

OPINION BY MR. CHIEF JUSTICE BELL, June 27, 1969:
These are appeals from the Judgments of the Court of Common Pleas after (1) a verdict in No. 166 awarding appellees (plaintiffs) (John and Virginia Houlihan) $11,390.22 and (2) a verdict in favor of appellee-wife (Virginia Houlihan) in No. 167. In each case, the appellants, Dora Hazlett in No. 166, and Cuyler Hazlett, Jr. and Dora Hazlett in No. 167, who were the verdict losers, filed a motion for a new trial, each of which motions was dismissed.

In No. 166, plaintiffs-appellees brought a trespass action against appellant seeking damages for medical expenses incurred, pain and suffering to appellee-wife, and compensation for repair of appellee-wife's automobile.

In No. 167, appellant-husband (Cuyler Hazlett) commenced a trespass action against appellee (Virginia Houlihan) seeking recovery for property damage to his automobile. Appellee (Virginia Houlihan) joined appellant's wife (Dora Hazlett) as an additional defendant.

This case* arose out of an automobile collision that occurred in Haverford Township, Delaware County. The day before the collision ten inches of snow had fallen and as a result the road on which the accident occurred allowed only two lanes for automobile traffic. Virginia Houlihan, plaintiff-appellee in No. 166, testified that as she was driving she noticed a parked vehicle on the left side of the road about 150 feet ahead, and that when she reached a point about 75 feet from the parked vehicle she noticed Dora Hazlett (appellant-wife) driving a vehicle in the opposite direction, toward her. When appellee's car was five to ten feet away from the parked vehicle, the automobile driven by appellant-wife, which was 45 to 50 feet behind the parked vehicle swerved without warning into her lane of traffic, causing the collision.

Appellants raise two arguments on appeal, neither of which has any merit. Appellant-wife in No. 166 first contends that the damages awarded by the jury were excessive. As a result of the collision, the appellee-wife had four fractured front teeth, two of which required root canal work. All four teeth required capping as a result of the injury. Medical damages consisted of $455 for dental work and $35 for a medical examination. The doctor who treated appellee-wife testified that appellee suffered severe pain during the first few days and gradual pain thereafter and also that the treatments he administered were quite painful. On the basis of this testimony the jury awarded appellees $10,000 for the pain and suffering of appellee-wife, in addition to $1,390.22 which represented $490 for medical expenses, and $900.22 for damage to appellee-wife's automobile.

---

* Nos. 166 and 167 were consolidated for trial in the lower Court.

Appellant alleges that the verdict was excessive and that the lower Court abused its discretion in not awarding a new trial. We are of the opinion that the verdict was undoubtedly large, but it was not so excessive as to constitute the denial of a new trial an abuse of discretion. Cf., for example, *Guzman v. Bloom*, 413 Pa. 576, 198 A. 2d 499 (1964), and *Moran v. Valley Forge Drive-In Theatre, Inc.*, 431 Pa. 432, 246 A. 2d 875 (1968).

Appellants also claim that in both No. 166 and No. 167 it was error for the Court below not to have instructed the jury, in view of the road conditions prevailing at the time of the collision, that the appellant-wife did not as a matter of law violate §1004 of The Vehicle Code requiring motor vehicles to be operated on the right half of the highway. The trial Judge correctly refused to so charge, stating that the question of negligence was a matter for the jury to determine upon consideration of all of the facts and circumstances of the case. We believe that the charge, read in its entirety, was fair to both parties.

Judgments affirmed.