Anne M. HANRAHAN, a minor, et al.

v.

Edward L. McCLATCHY and David George Breskman.

Civ. No. 70-1223.

United States District Court,
E. D. Pennsylvania.

Oct. 30, 1974.

Louis Samuel Fine, Philadelphia, Pa., for plaintiffs.

Clayton H. Thomas, Jr., Philadelphia, Pa., for McClatchy.

James J. McEldrew, Philadelphia, Pa., for Breskman.

## OPINION

DITTER, District Judge.

The question in this diversity case is whether failure to operate a motor vehicle on the right side of the highway constitutes negligence per se under Pennsylvania law. Plaintiff was a passenger in an automobile which failed to yield the right of way at a stop intersection and was struck by a car proceeding on the through road. She brought suit against both drivers, but recovered only against the operator of the automobile in which she was riding. At trial plaintiff contended that the other vehicle was not travelling on the right side of the highway. She has taken an appeal to the Court of Appeals on the grounds that my instructions to the jury were erroneous. I am preparing this opinion so that the Court may be advised of my views on the issues involved.

On the evening of October 19, 1968, plaintiff, Anne Hanrahan, a freshman at Rosemont College in suburban Philadelphia, had a blind date with the defendant, Edward McClatchy, a student at Villanova University. With two other couples, they drove to a dance in South Philadelphia in McClatchy's car. They left the dance at approximately 12:30 the following morning in McClatchy's convertible with the top down. Miss Hanrahan was seated in the right front seat of the vehicle, which shortly before the collision was proceeding in a westerly direction on Old Gulph Road, Lower Merion Township, Montgomery County. Although she had her eyes closed, plaintiff was aware, from the way the vehicle slowed down and then accelerated, that Mr. McClatchy went through two stop signs prior to the accident.

At the intersection of Old Gulph Road and Morris Road, Miss Hanrahan again felt the vehicle slow down. She opened her eyes and observed that they were passing a stop sign. She glanced to her left and saw headlights, heard one of the two girls in the back seat scream, and was thrown around inside the automobile. Ultimately the McClatchy vehicle overturned, pinning Miss Hanrahan beneath it and injuring her severely.

The driver of the other vehicle was Edward G. Breskman, also a college student. Although he did not appear at trial, his deposition had been taken. He testified that just prior to the accident he was proceeding north on Morris Road at approximately twenty miles per hour. Without warning, he saw the lights of the McClatchy vehicle coming from his right. The impact occurred immediately thereafter, as a result of which his automobile came to a stop in the intersection while the McClatchy vehicle proceeded for approximately forty feet before it overturned.

An investigating officer provided evidence from which it could be concluded that the Breskman automobile was not travelling in the right hand lane of Morris Road at the time of the collision. Miss Hanrahan also testified that the McClatchy vehicle was most of the way through the intersection at the moment of impact. Thus, the jury could have determined that the collision occurred

when Breskman's northbound automobile was in whole or in part in the lane for vehicles travelling south on Morris Road. Moreover, since the McClatchy car was struck on the left rear by the left front of the Breskman vehicle, it was argued that had Breskman been in the right hand lane, there would have been no collision at all.

Two sections of the Pennsylvania Vehicle Code, 75 P.S. § 101 et seq., were pertinent to plaintiff's claim against McClatchy.[1] Section 1016 of the Vehicle Code, 75 P.S. § 1016, provides that it shall be unlawful for the driver of any vehicle, before entering a through highway, to fail to come to a complete stop before entering the intersection when an official "stop" sign has been properly erected. Section 1014 of the Vehicle Code, 75 P.S. 1014, requires that the right of way be yielded to all vehicles approaching in either direction on a through highway. The evidence leaves no doubt that McClatchy violated this section of the Code.

Section 1005 of the Code, 75 P.S. § 1005, was pertinent to plaintiff's claim against Breskman. That section provides that in crossing an intersection, a driver shall cause his vehicle to travel on the right half of the highway, unless it is obstructed or impassable.[2] Plaintiff contends that Breskman violated this section of the Code, and that the jury should have been charged that his doing so constituted negligence per se.

■ Violation of a statute is not a ground of liability unless it is the proximate and efficient cause of an accident which is of the type the legislative enactment was designed to prevent. Shakley v. Lee, 368 Pa. 476, 478, 84 A.2d 322, 323 (1951), and cases cited therein. With this precept in mind, I told the jury that negligence was the want of due care under the circumstances, and that since the case was founded upon allegations of negligence, the mere happening of an accident was insufficient to establish liability. I went on to state that an act could not be considered negligent, even if it constituted a violation of a statute, unless the person committing it could have foreseen the likelihood of harm to others. N.T. 21.[3] I then instructed the jury that it would have to decide whether a collision with another vehicle was an occurrence which Breskman reasonably should have foreseen as a result of his driving on the left hand side of the highway, but which he could have anticipated avoiding had he been driving on the right hand side of the road at the intersection.[4] N.T. 42–43.

---

1. Plaintiff's action against McClatchy, the driver of the automobile in which she was riding, had actually been settled prior to trial. However, McClatchy was retained in the case so that Breskman, the other driver, would have an opportunity to obtain a judicial determination that McClatchy was a joint tortfeasor. Without such a determination, Breskman could not have availed himself of any settlement paid by McClatchy to reduce damages assessed against Breskman. See Mazer v. Lipshutz, 360 F.2d 275, 279 (3d Cir. 1966), cert. denied, 385 U.S. 833, 87 S.Ct. 72, 17 L.Ed.2d 68, and Davis v. Miller, 385 Pa. 348, 123 A.2d 422 (1956).

2. The obsolescence of this statute for failure to take exception for one-way streets and roadways has attracted the attention of at least one commentator. E. Kearney, "Pennsylvania's Obsolete Traffic Laws," 44 Pa. B. A.Q. 561 (1973). *But see* Morris v. Kauffman, 120 Pa.Super. 515, 182 A. 758 (1936).

3. "The test which you must apply is not whether the accident did result from where he drove, but whether the accident was a risk that Breskman should have reasonably foreseen as a consequence of his driving in the left lane, if that is what he did, as contrasted with driving in the right lane, if indeed he failed to drive in the right lane." N.T. at 43.

4. With respect to the issue of the duty owed by Breskman as a driver on a through highway, McClatchy's counsel cited to me Martin v. Hoffman, 365 Pa. 364, 75 A.2d 529 (1950), and MacDougall v. Chalmus, 192 Pa.Super. 401, 162 A.2d 51 (1960), as authority requiring a high degree of vigilance by such a driver. Neither case supports that proposition, although both do say that he must exercise due care and may be found negligent if he fails to do so. *MacDougall*

I declined to charge the jury that Breskman had a positive duty to drive in the right lane because I do not believe section 1005 was designed to protect drivers or passengers of cars which run through "stop" signs. If it were, its violation would, of course, make Breskman negligent as a matter of law.

In Ennis v. Atkin, 354 Pa. 165, 169, 47 A.2d 217 (1946), the Supreme Court of Pennsylvania, adopting Section 286, Restatement of Torts, set forth the requisite nexus between the statutory violation and the injury complained of. The violation of a legislative enactment by doing a proscribed act makes the actor liable for an invasion of the interest of another if: (a) the intent of the enactment is exclusively or in part to protect an interest of the other party as an individual; and (b) the interest invaded is one which the enactment is intended to protect; and (c) where the enactment is intended to protect an interest from a particular hazard, the invasion of the interest results from that hazard; and (d) the violation is a legal cause of the invasion, and the other party has not so conducted himself as to be disabled from maintaining an action.

In *Ennis*, defendant's truck was parked within fifteen feet of a fire hydrant in violation of section 1020 of the Pennsylvania Vehicle Code of 1929. While so parked the truck was struck by the overhang of a hook and ladder fire-engine proceeding to a fire at another location, as a result of which a fireman aboard the fire-engine was thrown off and killed. The court held that the legislative prohibition against parking within fifteen feet of a fire hydrant was intended to assure immediate availability of water in the event of fire rather than to prohibit parking as an aid to highway safety, and that violation of section 1020 was therefore not negligence per se with respect to the hazard of another vehicle colliding with the parked vehicle. *Accord*: Klimczak v. 7-Up Bottling Co. of Philadelphia, 385 Pa. 287, 293, 122 A.2d 707 (1956). Similarly, in Solvitti v. Throppe, 343 Pa. 642, 23 A.2d 445 (1942), plaintiff was injured when forced off the road by defendant's truck which swerved to its left as plaintiff was attempting to overtake and pass. Defendant contended plaintiff was guilty of contributory negligence since he did not have an unobstructed view for 500 feet as required by the Vehicle Code for automobiles which are attempting to pass. The court held, however, that the accident was not a hazard contemplated by the no-passing statute and plaintiff's failure to obey it was, therefore, an irrelevant factor which would not preclude recovery.

▮ The very language of section 1005 excuses a motorist's failure to keep to the right where the right half of the highway is "obstructed or impassable." More significantly although comparatively few cases have arisen under 75 P. S. § 1005, numerous decisions have construed 75 P.S. § 1004, the section which requires motorists generally to keep to the right side of the highway. Far from viewing a violation of the "keep to the right" rule as negligence per se,

---

also holds that no person is privileged to drive except at a careful speed and with his car under reasonable control, even though he has the through street.

More significantly, the Supreme Court of Pennsylvania has recognized that:

A driver at the wheel has other things to do besides training his gaze on potential adversaries driving by Stop signs. He has his own car to guide and control, he must keep an eye on pedestrians that might cross his path, he must be careful of traffic that could come from the other side.

It is because of these multifarious obligations pressing upon a motorist on a through highway that Stop signs are erected to protect him. And he should not be penalized for assuming that other motorists driving directly toward such a Stop sign will [not] violate the laws of the road, of general safety, and even of self preservation by tilting a lance of recklessness against it.

Taylor v. Mountz, 387 Pa. 321, 326, 127 A.2d 730 (1956) ; see also Kimbob, Inc. v. Jumper, 201 Pa.Super. 559, 564–565, 193 A.2d 653 (1963).

these decisions merely have held that operation of a motor vehicle on the wrong side of the highway is prima facie evidence of negligence sufficient to carry the case to the jury. Matkevich v. Robertson, 403 Pa. 200, 169 A.2d 91 (1961); O'Neil v. O'Neil, 204 Pa.Super. 485, 205 A.2d 687 (1964); Williams v. Goldstein, 10 Chest. 564 (Pa.Com.Pl.1962). And questions of whether section 1004 has been violated, Houlihan v. Hazlett, 435 Pa. 284, 254 A.2d 615 (1969), and on whose side of the road the respective vehicles were on at the time of a collision, Pastorkovich v. Mascetta, 53 West. 85 (Pa.Com.Pl.1971), are *always for the jury*; see also Bonacci v. Horner, 205 Pa.Super. 58, 205 A.2d 617 (1964).

▇▇ Thus, while the testimony of Miss Hanrahan and the investigating officer was sufficient, and indeed a prerequisite, to carry the case against defendant Breskman to the jury, as a matter of law the responsibility of sifting and weighing the evidence, assessing credibility, and ultimately determining the fact of negligence and the liability arising therefrom, lay within the exclusive province of the jury.[5]

I charged the jury that if they found that Breskman did not keep to the right hand side of the road, this was a fact, together with all the other surrounding circumstances, to be weighed in determining whether or not he was negligent.[6]

A number of sledding accident cases involving "keep to the right" statutes are instructive on this question. For example, in Huber v. Anderson, 355 Pa. 247, 49 A.2d 628 (1946), plaintiff's sled came rapidly out of a street in a "T" intersection and collided with defendant's automobile, which was travelling on the left hand side of the intersecting street. The trial court set aside a $5,000 jury verdict for the plaintiff and entered judgment non obstante veredicto for the defendant. In affirming, the Pennsylvania Supreme Court stated:

'We may speculate that had the automobile been going faster or slower,

---

5. In Houlihan v. Hazlett, 435 Pa. 284, 254 A.2d 615 (1969), the Pennsylvania Supreme Court specifically upheld the refusal of a trial judge, in view of adverse weather conditions prevailing at the time of a controverted accident, to charge that one defendant did *not* as a matter of law violate § 1004 by failing to keep her automobile on the right half of the highway.

6. I instructed the jury on this point thusly:
   You have been previously told that you are to decide whether the defendant Breskman was conducting himself as a reasonably prudent man would act. The standard of conduct required of a reasonably prudent man may be prescribed by the legislature through the Motor Vehicle Code. In other words, a reasonably prudent man will obey the law. However, it does not follow that liability exists merely because an automobile is not in the righthand lane of travel at the time of an accident. The presence of negligence under all the circumstances must be first established, . . . N.T. at 36–37.
   *       *       *       *       *
   . . . while the law requires a driver to use the righthand lane at an intersection, the fact that he does not do so, standing alone, does not mean that he was negligent. However, the requirement that he stay to the righthand side of the highway is one of the factors that you should consider in weighing that driver's conduct. N.T. at 42.
   *       *       *       *       *
   For example, you are going to have to consider the fact that it was dark, you are going to have to consider the speed at which Breskman was driving, his knowledge of the roadway or his lack of knowledge of the roadway, did he know that there was an intersection there or not, the existence of natural obstructions if there were any. N.T. at 42.
   . . . there was a hill off to his right, the direction from which the McClatchy car was coming. The condition of the road surface and its physical layout, was it up or down or was it level. Those things may be important under the circumstances, what lighting was available at this intersection, if any. N.T. at 42.
   *       *       *       *       *
   Did he have notice that he was coming to an intersection? Was there a sign that said intersection or wasn't there? What about the requirements of the law that he drive on the righthand side of the highway?
   *       *       *       *       *
   . . . these things must all be considered by you in determining whether Breskman was negligent . . . N.T. at 42.

the sled might have missed it, but the accident was not the normal result of the speed of the vehicle.' . . . And similarly immaterial, in this case, is the fact that at the time of the accident defendant was operating his automobile on the left-hand side of the street . . . *'The fact that the driver was on the left side of the road, it may be observed, does not in itself establish negligence, unless his position on that side was the efficient cause of the collision* [citing cases]' [emphasis added].

See also Morris v. Kauffman, 120 Pa.Super. 515, 182 A. 758 (1936); Siglin v. Haiges, 95 Pa.Super. 588 (1929). And in Krywucki v. Trommer, 199 Pa.Super. 145, 184 A.2d 389 (1962), where both defendants' vehicles, one parked and the other travelling, were in the wrong traffic lanes at the time the driver of the moving automobile struck the minor plaintiff, a jury verdict for that defendant was held nonetheless proper.

█ Lastly, plaintiff contends that proximate cause was not really an issue in this case and that the jury should not therefore have been instructed on that subject. Plaintiff plainly is mistaken. Proximate cause is *always* an issue in this type of case. In a line of Pennsylvania cases reaching back over at least one hundred years, there has been no deviation from the rule requiring that the act complained of be the proximate cause of the injury sought to be compensated. See Whitner v. Von Hintz, 437 Pa. 448, 263 A.2d 889 (1970); McGrew v. Stone, 53 Pa. 436 (1867). As was stated by Circuit Judge, then District Judge, Van Dusen in Almond v. Pollon, 198 F.Supp. 301, 303 (E.D.Pa.1961), aff'd, 300 F.2d 763 (3d Cir. 1962), "whether . . . negligence consists of violation of a statute or not, a defendant is not liable unless this negligence is a proximate cause of the accident." My charge to the jury I think correctly tied the element of the evidence of Breskman's failure to keep to the right to the equally necessary element of proximate cause.

█ In summary, I believe that since the accident was not a hazard contemplated by the statute, violation of the statute was not negligence per se. The jury was told that defendant's failure to keep his car to the right was a factor to be considered in deciding whether he was negligent. This was a proper instruction under all the circumstances, and plaintiff is not entitled to a new trial.